Per Curiam.

This is a holdover proceeding involving commercial premises, instituted in 1968 after service of the 30 days’ notice required by section 232-a of the Real Property Law. The parties intended to enter into a written lease for one half of the building for 10 years commencing September 1, 1963, at a fixed annual rent representing one half of the annual carrying charges for the building. Tenant was permitted to take possession but, due to a dispute regarding a subordination clause, the lease was never executed. No oral agreement or lease for any period was subsequently made, tenant simply continuing in occupancy, paying, and landlord accepting, the rental provided in the lease.
The court below found that the original letting did not constitute an oral agreement for one month, as contended by landlord, or a 10-year oral lease, as contended by tenant, and that the doctrine of equitable estoppel could not be invoked. These findings are affirmed.
The court, however, concluded that tenant was in possession of the premises as a tenant from year to year and was entitled to six months’ notice of termination before the end of any recurring year, citing Pugsley v. Aikin (11 N. Y. 494); (see, also, 2 Rasch, Landlord and Tenant and Summary Proceeding, § 1053). The petition was dismissed for lack of proper notice. We reverse this finding and determination in light of the impact of section 232-c of the Real Property Law (eff. Sept. 1, 1959).
Section 232-c was plainly intended to eliminate as to all tenancies the common-law rule that a holdover tenant may be held as a tenant for a new term. At common law, by operation of law, if the previous term was for a year or more thé new tenancy created by holding over was for one year, and if the *347 previous term was for a period less than a year, the new holdover term was for an equal period. The statute states in the broadest possible terms that it is applicable to a tenant ‘ ‘ whose term is longer than one month ”. Obviously, a tenant for one month holding over could be held only to a monthly tenancy. As to all other holdover tenants, the statute provides that ‘ ‘ unless an agreement either express or implied is made providing otherwise, the tenancy created by the acceptance of such rent shall be a tenancy from month to month ”.
The Law Revision Commission (1959 Report, Recommendations and Studies, p. 139 et seq.) pointed out that, where no actual agreement with reference to the holdover period was made, there was no reason why this statute, abolishing the landlord’s option to hold tenant for a new term, should provide for any tenancy implied as a matter of law solely by virtue of the tenant’s holding over. However, payment and acceptance of rent from a holdover tenant involved conduct of both parties and called for some reasonable duration of tenancy to he implied from that circumstance. To remove uncertainty and accord with the parties’ reasonable expectations, it was proposed that a month-to-month tenancy be deemed created, absent any contrary agreement extending the duration of the holdover tenancy beyond such a tenancy from month to month (see, also, Jaroslow v. Lehigh Val. R. R. Co., 23 N Y 2d 991).
Here, the only inference to be drawn (Adams v. City of Cohoes, 127 N. Y. 175, 181) and to be implied from the circumstances (Talamo v. Spitzmiller, 120 N. Y. 37, 42) of payment and acceptance of rent on a yearly basis and continued occupancy for a year under the resulting informal oral agreement, is that a tenancy for one year, September 1, 1963 to August 31, 1964, the maximum period for a parol lease, had been created by operation of law.
No contrary agreement having been made, when tenant paid and defendant accepted the rent for September, 1964, the tenancy created by the acceptance of such rent ‘ shall be a tenancy from month to month ” (§ 232-c), no longer the tenancy from year to year implied at common law by operation of law.
Accordingly, landlord proceeded properly by the 30-day notice of section 232-a.
The final judgment should be reversed, with $30 costs, and final judgment directed in favor of landlord as prayed for in the petition, with costs.
Concur — Markowitz, J. P., Hofstadter and Gold, JJ.
Final judgment reversed, etc.