Allen Murray Myers, J.
Before me for determination are two summary proceedings for the recovery of possession of commercial premises. The petitions are based, upon the tenants’ holding over after the alleged termination of their respective tenancies. The cases were tried together before me and a jury. Both tenants were represented by the same attorneys and interposed answers and counterclaims which were substantially the same. One tenant shall be referred to as Bosenzweig and the other as Christy.
The answers contained a general denial, two counterclaims, (also erroneously referred to as “ First ” and “ Third ” affirmative defenses), and a “'Second” affirmative defense. The tenants moved at the outset of the trial for a dismissal of the petitions on the ground that they were jurisdictionally defective in that they failed to state the interests of the respective petitioners as required by subdivision 1 of section 741 of the Beal Property Actions and Proceedings Law. Before proceeding to trial, this motion was denied by written opinion (61 Misc 2d 853). Thereafter, the counterclaims were dismissed on the ground that they failed to state a cause of action (CPLR 3211, subd. [a], par. 7).
After trial, I found that no issues of fact wer-e raised by the evidence and the jury was therefore discharged.
Only issues of law are now left to be determined.
THE CHRISTY TENANCY
Christy has been in possession of the premises at 136 Centre Street since September 1, 1958. He entered into possession under a written lease which expired on August 31, 1963 and continued thereafter under a second written lease which expired on August 31, 1966. Both leases contained a clause *893 giving the landlord the option to terminate the lease before its expiration date upon 90 days’ notice. The option to terminate was never exercised. On the contrary, the landloard permitted the tenant to continue in possession after the second lease had expired without taking any action except to increase the rent from $3,480 per annum payable in installments of $290 per month to the present rental of $550 per month. The tenant’s repeated requests for another lease were denied. The rent was paid and accepted until October 31, 1969, the termination date fixed by a 30-day notice pursuant to section 232-a of the Beal Property Law.
It is the landlord’s contention that the acceptance of rent after the expiration of the second lease on August 31, 1966 created a month-to-month tenancy by operation of law pursuant to section 232-c of the Real Property Law. In response, Christy interposed the following “ Second Affirmative Defense “3. The tenant was lawfully in possession under a lease or as a holdover tenant on September 1, 1959. That sections R.P.L. 232 (a) 232 (c) cannot be applied to a tenant who was in such possession on September 1, 1959. That on that date this tenant had the status of lease tenant or tenant from year to year and is entitled to six months notice and the thirty day notice could not affect or defeat the property right in the tenant’s status of year to year tenancy. Such a status being a property right could not have been divested by the prospective passing of BPL 232 (a) 232 (c).”
I find the tenant’s contention to be without merit.
Even before the enactment of section 232-c of the Beal Property Law, effective September 1,1959, a tenant holding over after the expiration of his lease had no vested property rights. The court in Stern & Co. v. Avedon & Co. (194 App. Div. 433, 437, affd. 231 N. Y. 546) held as follows: “ the tenant by remaining in possession does not thereby secure the right to a new term. He is a trespasser, and his right only comes into existence if the landlord elects to allow him to remain and accepts him as a tenant. When, however, the landlord does accept him, his election is conclusive upon both parties; neither can then claim that the tenant is in possession as a trespasser, for the law implies a lease for a new term of one year ” (see, also, dissenting opinion in Kennedy v. City of New York, 196 N. Y. 19, 31). Furthermore, the right of the landlord to hold a tenant to a new term was held to be the “penalty imposed by law upon the trespassing tenant ’ ’ and not a right arising from a contractual agreement (United Merchants’ Realty & Improvement Co. v. Roth, 193 N. Y. 570).
*894 Once a tenancy from year to year was established, whether by operation of law, as in this case, or by agreement either express or implied, ‘ ‘ it continues, until terminated by a legal notice * * * the notice is a condition of the contract * * * arising out of it, which must be complied with, in order to absolve * * * [the parties] from further responsibility.” (Pugsley v. Aikin, 11 N. Y. 494, 496; see, also, Blackstone, Commentaries— Chase [3d ed., 1892], p. 331; Coudert v. Cohn. 118 N. Y. 309; Schuyler v. Smith, 51 N. Y. 309.)
Section 232-c of the Real Property Law was enacted to change the common-law rule regarding tenancies created by operation of law as a result of the tenant’s holding over (1959 Report of N. Y. Law Rev. Comm., p. 139 et seq.; N. Y. Legis. Doc., 1959, No. 65 [D]; Jaroslow v. Lehigh Val. R. R. Co., 23 N Y 2d 991). The statute provides in pertinent part as follows: ‘1 Where a tenant whose term is longer than one month holds over after the expiration of such term, such holding over shall not give to the landlord the option to hold the tenant for a new term solely by virtue of the tenant’s holding over. In the case of such a holding over * * * unless an agreement either express or implied is made providing otherwise, the tenancy created by the acceptance of * * # rent shall be a tenancy from month to month ”.
Thus the only tenancy that can now be created by operation of law as a result of the acceptance of rent from a holdover tenant is a periodic tenancy from month to month and ‘ ‘ no longer the tenancy from year to year implied at common law by operation of law ” (28 Mott St. Co. v. Summit Import Corp., 62 Misc 2d 345, 347).
However, section 232-c of the Real Property Law still recognizes a periodic tenancy from year to year or for any other term if it is created by “ an agreement either express or implied [in fact] ”.
In order to come within the ambit of this exception in the rule, Christy claims that on or about September 3, 1969 he made an express agreement with the landlord for a tenancy for a year. He alleges that on that day, when he asked the landlord’s president, Firestone, why he received a 30-day notice under section 232-a of the Real Property Law, Firestone allegedly replied, “It doesn’t mean a thing * * * Don’t worry. You’ll be here for at least a year before we even do anything.”
Assuming this conversation took place, the question as to whether those words constituted an oral lease for another year *895 is one of law (Tyroler v. Continental Cas. Co., 31 A D 2d 8, affd. 25 N Y 2d 710; see, also, Salomon v. Weisberg, 29 Misc. 650).
Considering the context in which the words were spoken, the undisputed facts that the tenant’s requests for a lease were consistently refused; that even the expired leases contained 90-day cancellation clauses; that a 30-day notice to terminate had been served; the only reasonable meaning that can be imputed to those words is that the landlord wished to convey the thought that the tenant’s dispossession was not imminent in view of the probable time that might be consumed in legal proceedings and stays. The words were clearly insufficient to constitute the granting of an oral lease for a year.
Christy further contends that a new tenancy agreement can be implied.either from the increase in rent or from the change of landlords. These contentions are not well founded.
Where there is a new tenancy agreement between the parties which is indefinite as to duration, section 232 of the Beal Property Law provides that the term shall be until October 1 next. (See Sayles v. Lienhardt, 119 Misc. 851.) The acceptance of rent thereafter creates a month-to-month tenancy pursuant to section 232-c of the Beal Property Law. However, the mere agreement to an increase in rent, where the duration and nature of the tenancy were otherwise governed by operation of law, does not constitute a new tenancy (Stern & Co. v. Avedon & Co., 194 App. Div. 433, affd. 231 N. Y. 546, supra; cf. Three Thirty Co. v. Wallace, N. Y. L. J., Jan. 2, 1970, p. 2, col. 1 [App. Term, 1st Dept.]).
A change of landlords where there is a pre-existing landlord-tenant relationship similarly does not constitute a new agreement between the new landlord and the tenant. Only a privity of estate ensues. (United Merchants ’ Realty & Improvement Co. v. Roth, 193 N. Y. 570, supra.)
Therefore, when Ohristys’ lease expired on August 31, 1966, and the landlord accepted the rent for September, Christy became a tenant from month to month.
THE B0SEK2WEIG TENANCY
Bosenzweig entered into possession of premises 122 White Street pursuant to a six-month lease commencing January 1, 1958 and ending on June 30, 1958. The landlord refused to give him a new lease but continued to collect rents and he has remained in possession until the present time. On September 26, 1969, he was served with a 30-day notice to quit the premises on October 31,1969.
*896 At common law, when Rosenzweig held over at the expiration of Ms term on June 30, 1958, the landlord could and in fact did hold the tenant for successive terms of six months by continuing to accept rent.
On 'September 1,1959, during one of these terms, section 232-c of the Real Property Law went into effect. That term expired on December 31, 1959. When the rent for January 1960 was paid and accepted, Rosenzweig became a month-to-month tenant.
Rosenzweig argues that he had a vested right at common law to a periodic tenancy from six months to six months, of which he could not be divested by a statute in derogation of the common law unless it specifically so stated. I find that this tenant, too, had no vested right, for all the reasons heretofore stated. The duration of his periodic tenancy created by operation of law at common law was changed to one from month to month by section 232-c of the Real Property Law. Any right to notice of termination is merely an incident of the tenancy, and in this ease that is fixed by section 232-a of the Real Property Law. In Rosenzweig, the record is barren of any proof of an express or implied agreement for a tenancy other than the one created by operation of law.
The petitions are granted and judgments of possession may be entered against the respondents in both proceedings. The attorneys for the parties are to appear before me on January 15, 1970 at 2:00 p.m. to attempt to arrange for a stay of execution of the warrant by mutual consent.
In the interim, the execution of the warrant is stayed for 30 days from the date of the entry of the judgments herein.