ALLGOOD, District Judge:
 

 STATEMENT OF FACTS
 

 Alvin DeWayne Hall and Beverly Jane Hall (Halls) purchased a washer and dryer from Baldwin Appliance Company (Baldwin) on April 28, 1979 for $536.36, and on May 28,1979, added a new purchase of a set of tables, table and six chairs, and a three-piece living room suite, balance $1,350.00. The Halls, on June 2, 1979, purchased two lamps for $143.82, and a stereo for $242.74 from Scott’s Furniture Warehouse and Showroom (Scotts) under the same terms of the revolving credit agreement. Borg-Warner Acceptance Corporation (B-W), which was owed $1,930.75 on certain household goods purchased by debtors, was the assign-ee under two separate revolving credit agreements from Scotts for present balance of $375.87 and Baldwin, present balance $1,605.08. On September 16, 1980, the Halls filed a case under Chapter 7 of the Bankruptcy Code and claimed the above household goods as exempt.
 

 STATEMENT OF LAW
 

 Section 362(e)
 
 Procedure
 
 provides for a four-step procedure, as follows:
 

 
 *1308
 

 The comparative procedure used in the instant case is as follows:
 

 On October 30,1980, B-W petitioned for relief from automatic stay of § 362(a) (Step # 1 above). On November 14, 1980, the Halls filed an answer. On December 5, 1980, a trial was held and an order was entered on January 19, 1981. Under Step # 2 of the procedure, a preliminary hearing was due to be held within thirty days of October 30, 1980 — the failure to hold such a preliminary hearing would have the effect of terminating the stay — effective November 29, 1980. However, B-W continued to a trial on December 5, 1980 [thereby waiving any objection to the failure to have a
 
 preliminary
 
 hearing within the thirty days prescribed by § 362(e)]. The Bankruptcy Judge entered an order dated January 19, 1981, which must be construed to be an order after a
 
 final
 
 hearing under § 362(e)(2) [if this was an order under a preliminary hearing, it would have required that the stay be specifically continued as provided by § 362(e)(1) and an order setting date for final hearing]. Therefore, the order dated January 19, 1981 was a
 
 final
 
 order. The distinction between an interlocutory [preliminary under § 362(e)] and a final hearing makes it clear that the appeal was under 28 U.S.C. § 1334(a), which provides for appeals from
 
 final
 
 orders rather than § 1334(b), which provides for appeals from
 
 interlocutory
 
 orders.
 

 EFFECT OF VIOLATION OF STAY
 

 B-W, under the order dated January 19, 1981, was under the automatic stay and if it attempted to exercise self help, repossession, or detinue under state court proceedings, it would have violated the automatic stay. Violations would make B-W subject to the following effects, penalties, etc.:
 

 A. ACTIONS VOID. Actions taken in violation of the automatic stay are void and without effect.
 
 Kalb
 
 v.
 
 Feuerstein,
 
 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370 (1940);
 
 Caribbean Food Products, Inc. v. Banco Credito y Ahorro Ponceno,
 
 575 F.2d 961 (1st Cir. 1978) (turnover of accounts collected in violation of stay);
 
 Zestee Foods, Inc.
 
 v.
 
 Phillips Foods Corp.,
 
 536 F.2d 334 (10th Cir. 1976);
 
 Meyer v. Rowen,
 
 181 F.2d 715 (10th Cir. 1950);
 
 Potts v. Potts,
 
 142 F.2d 883 (6th Cir. 1944),
 
 cert. denied,
 
 324 U.S. 868, 65 S.Ct. 910, 89 L.Ed. 1423 (1945).
 

 
 *1309
 
 B. CONTEMPT. B-W would also be in contempt of court and subject to a fine.
 
 See Fidelity Mortgage Investors
 
 v.
 
 Camelia Builders, Inc.,
 
 550 F.2d 47 (2nd Cir. 1976)
 
 cert. denied,
 
 429 U.S. 1093, 97 S.Ct. 1107, 51 L.Ed.2d 540 (1977).
 

 C. AWARD OF ATTORNEY’S FEES. B-W could be forced to compensate for attorneys’ fees.
 
 In re Tillery,
 
 2 Bankr.Ct. Dec. 798 (S.D.Ala.1976);
 
 In re Gann,
 
 1 Bankr.Ct.Dec. 154 (E.D.Tenn.1974). Compare
 
 Household Fin. Corp.
 
 v.
 
 Smith,
 
 6 C.B.C. 653 (E.D.Va.1975). See discussion of effects of Violation of Stay in 2 Collier on Bankruptcy, 15th Ed. ¶ 362.11, page 362-58, et seq.
 

 Rule 803 of the Rules of Bankruptcy Procedure provides that: “Unless a notice of appeal is filed as prescribed by Rules 801 and 802, the judgment or order of the referee shall become final.” (Underlining for emphasis).
 

 Therefore, unless B-W had not appealed the January 19, 1981 order, it would have become final. The effect of the District Court’s opinion would be to leave B-W without a remedy.
 

 APPEAL
 

 B-W Acceptance Corporation appealed the order of the Bankruptcy Judge to the District Court. The District Court,
 
 sua sponte,
 
 raised the issue of appealability of the Bankruptcy Judge’s order and found that the order was interlocutory and would not support an appeal. The District Court refused to consider the appeal on its merits. It is from this action of the District Court that this appeal was taken.
 

 It is the opinion of this court that the order of the Bankruptcy Judge was not an interlocutory order but was, in fact, a final order. While the appellant sought relief from the automatic stay under Section 362, the order of the Bankruptcy Judge in connection with the complaint of appellant amounted to a permanent injunction which prohibited B-W Acceptance Corporation from ever again attempting to recover from the debtors the possession of the property involved. The Bankruptcy Court held that there was no security interest which was enforceable by B-W Acceptance Corporation against the debtors. The finding of the Bankruptcy Court would be
 
 res judicata
 
 as to any subsequent attempt by B-W Acceptance Corporation to secure possession of the articles involved from the debtors. Further, such an attempt to secure possession would be in contempt of the order of the Bankruptcy Court. The only avenue left open to the appellant was to appeal the order of the Bankruptcy Judge. As the Supreme Court of the United States said, in
 
 Catlin v. United States,
 
 324 U.S. 229, 65 S.Ct. 631, 89 L.Ed. 911 (1945), “... [a] final judgment must generally be one which ends litigation and leaves nothing for the Court to do but execute the judgment.” The order of the Bankruptcy Judge in this instance disposed of the whole subject matter involved in the complaint. It, in fact, prohibits the creditor from ever again attempting to gain possession of the property and, this, in effect, prohibits any activity by the creditor in connection with the articles claimed exempt in the Bankruptcy Petition.
 

 For the above discussed reasons this case must be remanded to the District Court so that appellant’s appeal can be considered on its merits.
 

 REVERSED and REMANDED with instructions.