OPINION OF THE COURT
Memorandum.
The judgment appealed from and the order of the Appellate Division brought up for review with it should be affirmed, with costs.
This case involves a dispute over two rooms in the building located at 180 East 79th Street in Manhattan in which plaintiffs own a residential cooperative apartment. Plaintiffs have rented the two rooms for $50 per month per room for the benefit of their maids since 1979; however, there has never been a written lease between the parties. In 1982, the cooperative’s board decided that the maids’ rooms could be put to a more profitable use and sent letters to all tenant-stockholders stating that the board had *730 decided to assign shares to the maids’ rooms and sell them. The letter solicited sealed bids for purchase of the rooms. Plaintiffs protested the board’s offering plan and were given the opportunity to buy the shares at $20,000 per room. Plaintiffs initially agreed to that price but negotiations broke down over the cost of maintenance and the board’s offer was withdrawn. Upon investigation of its alternatives, the board discovered that the two rooms in question could be combined with two other rooms and the group of rooms could be rented as a professional office for approximately $1,500 per month. In order to pursue this course, the board sent plaintiffs a 30-day notice advising them that their tenancy would, terminate as of November 30, 1982. This action for injunctive and declaratory relief followed.
Speqial Term denied defendants’ motion for summary judgment on the ground that plaintiffs had failed to join the two maids as necessary parties. In addition, the action was stayed for 90 days to allow defendants an opportunity to commence holdover proceedings in Civil Court. Instead, defendants appealed to the Appellate Division, which court reversed the order of Special Term on the ground that the maids were not indispensable parties, and granted defendants’ motion for summary judgment on the ground that there were no factual or legal arguments presented to preclude such relief.
Plaintiffs claim they are entitled to relief based on several theories.
First, they urge promissory estoppel based upon their claim that at the time they purchased their cooperative apartment, representatives of defendants told them that the existing occupants of the maids’ rooms would be permitted to retain occupancy until they voluntarily relinquished the rooms and that when the rooms became available, plaintiffs would be entitled to lease the rooms for “so long as they desire and need to do so.” Plaintiffs further contend that in reliance on the promise of continued occupancy, they expended “thousands of dollars” and made “substantial, permanent improvements to the rooms.” As defendants contend, however, the doctrine of promissory estoppel may not be used to preclude the raising of the Statute of Frauds as an affirmative defense to the enforcement of an oral lease (see Tribune Print. Co. v 263 Ninth Ave. Realty, 88 AD2d 877, affd 57 NY2d 1038).
Next, plaintiffs contend that the rooms at issue are within the coverage of the Emergency Tenant Protection Act of 1974 (Administrative Code of City of New York, § YY51-3.0). That claim must be rejected because subdivision a of section YY51-3.0 *731 specifically excludes dwellings “owned as a cooperative or as a condominium” from the coverage of the statute. Plaintiffs contend that a landlord-tenant relationship between defendants and themselves exists and therefore the mere fortuity that the rented rooms are located in a cooperative apartment building should not exclude the rooms from rent control. This argument, however, ignores the fact that any landlord-tenant relationship between the parties is clearly incidental to plaintiffs’ status a& shareholders in the cooperative apartment corporation. The rent control law was enacted to protect tenants from overreaching and abusive landlords and it simply is not adaptable to situations such as this where the same party is both a “tenant” and a shareholder in the landlord corporation (see Minton v Domb, 63 AD2d 36).
Finally, plaintiffs’ fraud cause of action based on defendants’ alleged failure to comply with the disclosure provisions of the Martin Act (General Business Law, § 352-e et seq.) was also properly dismissed because of their failure to allege any injury inuring to them because of defendants’ alleged failure to comply with the Martin Act (see Channel Master Corp. v Aluminum Ltd. Sales, 4 NY2d 403, 407).
We have considered plaintiffs’ remaining arguments and find them without merit.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), judgment appealed from and order of the Appellate Division brought up for review affirmed, with costs, in a memorandum.