**In re NORTHEASTERN INTERNA-
TIONAL AIRWAYS, INC., Debtor.**

**TOWN OF ISLIP, NEW
YORK, Appellant,**

v.

**NORTHEASTERN INTERNATIONAL
AIRWAYS, INC., Appellee.**

**No. 85–2261–Civ.**

United States District Court,
S.D. Florida,
Fort Lauderdale Division.

Jan. 7, 1986.

Michael J. Buchenhorner, Barnett, Alagia, Zamora & Suarez, Miami, Fla., for appellant.

Geoffrey S. Aaronson, Britton, Cassel, Schantz & Schatzman, P.A., Miami, Fla., for appellee.

## ORDER

GONZALEZ, District Judge.

THIS CAUSE comes before the court as an appeal from an order entered on March 21, 1985, of the Bankruptcy Court for the Southern District of Florida, wherein, the Bankruptcy Court asserted jurisdiction over a lease for commercial property between the appellant, the Town of Islip, New York, ("Islip") and the appellee, Northeastern International Airways ("Northeastern").

The parties negotiated and signed a commercial lease for airport facilities for a term of two years commencing in May of 1982, and terminating on May 31, 1984. Northeastern is an airline corporation which maintains commercial passenger flights into the facilities at MacArthur Airport located in Suffolk County, New York. MacArthur airport is owned by Islip.

On January 8, 1985, Northeastern petitioned for reorganization under Chapter 11 of the United States Bankruptcy Code. On January 21, 1985, the town attorney for Islip, Guy Germano, sent a letter to Northeastern notifying the airline that the Town of Islip had "elected to terminate [the airline's] tenancy at ... MacArthur Airport...." In this letter Northeastern was further advised that it should "deliver up the premises to the Town of Islip on the 28th day of February, 1985...." On that same day the Assistant Town Attorney, Mr. Lawrence Donohue, sent a letter to Northeastern stating that weekly payment of rent would be required. Thereafter, Northeastern filed a motion before the Bankruptcy Court, asking that the Town Attorney, Guy Germano, be held in contempt for violating the automatic stay imposed by the Bankruptcy Court, pursuant to Chapter 11.

## JURISDICTION OF THE DISTRICT COURT

■ This court has jurisdiction to review orders of the bankruptcy courts pursuant to 28 U.S.C. § 158(a) (1984), which states: "The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders and decrees, and with leave of the court, from interlocutory orders and decrees, of bankruptcy judges...."

The appellee is correct in noting that an automatic right of appeal comes only upon the entry by the bankruptcy judge of a final order. This court, however, does not agree with the appellee that the order of the bankruptcy court is non-final and interlocutory in nature. Appellee's Response Brief at 6.

The instant situation is analogous to *Borg-Warner Acceptance Corp. v. Hall*, 685 F.2d 1306, 1308 (11th Cir.1982). In *Borg-Warner*, the Eleventh Circuit found that the order of the Bankruptcy Court subjecting the appellants' property to the automatic stay provision of section 362 "amounted to a permanent injunction." *Id.* at 1309. Any effort on the part of the appellant to obtain possession of the subject property would have placed the appellant in contempt of the Bankruptcy Court. *Id.* In the instant case, Islip finds itself in the same predicament. Any attempt by Islip to evict Northeastern and regain its property will place Islip in danger of being held in contempt. The only avenue open to Islip, short of contempt, is by way of appeal.[1] *Id.* Accordingly, this court finds

---

1. Even assuming that the order of the Bankruptcy Court was non-final this court has jurisdiction to review interlocutory orders and decrees of bankruptcy judges. 28 U.S.C. § 158(a)

that the order of the Bankruptcy Court was a final order and that this court has jurisdiction pursuant to 28 U.S.C. § 158(a).

## STATUS OF THE LEASE BETWEEN ISLIP AND NORTHEASTERN

Northeastern argues that its lease with Islip is part of the debtor's estate and, therefore, that the Bankruptcy Court was correct in subjecting the lease to the automatic stay provision of 11 U.S.C. § 362(a).

Islip asserts "that where a nonresidential lease has terminated by expiration of its term prior to or even *after* the filing of a bankruptcy petition, that lease is no longer part of the debtor's bankruptcy estate...." Appellant's Brief at 6. In support of this argument Islip cites 11 U.S.C. § 541(b)(2):

(b) Property of the estate does not include

(2) any interest of the debtor as a lessee of nonresidential real property that has terminated at the expiration of the stated term of such lease before the commencement the case under this title, and ceases to include any interest of the debtor as a lessee under a lease of nonresidential real property that has terminated at the end of the stated term of such lease during the case.

11 U.S.C. § 541(b)(2)(1985).

Islip contends that there is additional support of congressional intent that expired nonresidential leases do not violate the stay provision of § 362(a), in U.S.C. § 362(b)(9) which states in relevant part:

(b) The filing of a petition under the [Bankruptcy Code] does not operate as a stay ...

(9) of any act by a lessor to the debtor under a lease of nonresidential real property that has terminated by the expiration of the stated termination of lease before the commencement of or during a case under this title to obtain possession of such property.

11 U.S.C. § 362(b)(9) (1985).

Thus, the question on appeal is whether the lease terminated at the end of the stated term of the lease before the initiation of Chapter 11 proceedings or whether the lease terminated during the proceedings. Either circumstance is sufficient to remove the property from the automatic stay provisions of § 362. *See* 11 U.S.C. § 541(b)(2) (1985) and 11 U.S.C. § 362(b)(9) (1985). In order to resolve the question of termination of the lease, the court must consider New York law with regard to the character and status of a tenant in the position of Northeastern.

In the State of New York when a tenancy for years expires and rent is paid past the term of the lease, the new tenancy that is created is a periodic tenancy for month-to-month, in the absence of an agreement by the parties to the contrary. N.Y. Real Property Law § 232-c (McKinney 1977). A tenant who holds over "after the expiration of the lease ha[s] no vested property rights." *Bay West Realty Co. v. Christy*, 61 Misc.2d 891, 893, 310 N.Y.S.2d 348, 351 (1970).

■ Northeastern's lease of airport facilities from the Town of Islip expired on May 31, 1984. Northeastern remained beyond the term of the lease, and in so doing, assumed the status of a holdover tenant. The new tenancy which was created was a periodic tenancy from month-to-month, and absent an agreement between Northeastern and Islip to the contrary, Northeastern acquired "no vested property rights" to a new lease. *Id.*

The appellee emphasizes the inconsistency of the two letters it received from Islip on the same day. Appellee's Response Brief at 17. One letter, the letter signed by Mr. Germano, purports to terminate the tenancy and demands that the premises be vacated. The other letter, the letter signed by Mr. Donohue, states that rent will be due on a weekly basis. The appellee argues that this does not constitute the unequivocal notice of termination required un-

(1985). Leave to review automatic stay orders has frequently been granted. *48th Street Steak*

*House Inc. v. Rockefeller Group, Inc.,* 46 B.R. 227 (S.D.New York 1985).

der New York law to terminate a lease. Appellee's Response Brief at 17.

 Even if Northeastern is correct and the notice of termination was inadequate, Islip is not prevented from terminating the lease in the future. Under New York law all Northeastern could attain by virtue of remaining in possession past the lease term was a month-to-month tenancy, terminable at the discretion of the landlord.

Northeastern also argues that the lease continued "by agreement between the parties," and that Islip was using the time between expiration of the lease and the attempted ouster to draft a new lease. Appellee's Response Brief at 15. Even if this scenario is true, it constitutes only an "agreement to agree in the future" and hence, is unenforceable. *Tribune Printing v. 263 9th Ave. Realty,* 88 A.D.2d 877, 879, 452 N.Y.S.2d 590, 593 (1982), aff'd, 57 N.Y.2d 1038, 457 N.Y.S.2d 785, 444 N.E.2d 35 (1982).

 Northeastern has not provided any evidence of an agreement between the parties that establishes that something other than a periodic tenancy from month-to-month arose upon the termination of the lease. In the absence of such proof, Northeastern occupied the status of a holdover tenant after May 31, 1984, and as such acquired no property interest in the airport facilities once the lease between the parties expired on May 31, 1984. Islip was fully within its rights under 11 U.S.C. § 541(b)(2) to terminate the month-to-month tenancy and demand that Northeastern deliver up the premises. Both § 541(b)(2) and § 362(b)(9) exclude expired leases from the estate of the debtor and from the automatic stay provisions of § 362(a)(3). Accordingly, it is hereby

ORDERED AND ADJUDGED that the order of the Bankruptcy Court which imposed an automatic stay over the expired lease between Islip and Northeastern is REVERSED, the Bankruptcy Court lacking jurisdiction over said lease since it is not part of the bankruptcy estate. This cause is hereby REMANDED to the Bankruptcy Court for further proceedings consistent with this opinion.