OPINION OF THE COURT
David B. Saxe, J.
The plaintiffs are shareholders of a residential cooperative building located at 180 East 79th Street, New York, New York, and, pursuant to a proprietary lease issued to them by *86 Third Colony Corp. (Third Colony), the owner of the cooperative building, they occupy apartment No. 6-D in the building.
Additionally, commencing sometime in 1979, the plaintiff also leased from Third Colony on a month-to-month basis two maids’ rooms located on the first floor of the building at $50 per month. The plaintiffs were renters of the maids’ room space, not having purchased shares of stock allocable to these rooms. It is disputed, but not germane to this motion, whether the plaintiffs were ever offered an opportunity to purchase these rooms.
On or about October 5, 1982, the defendant Third Colony advised the plaintiffs that their tenancy of the maids’ rooms would be terminated effective November 30, 1982.
The plaintiff then sought injunctive and declaratory relief with respect to their rights in the two maids’ rooms. Third Colony counterclaimed for the use and occupancy of the maids’ rooms beyond the November 30, 1982 termination date. The plaintiff eventually lost and the Cohens’ rights to the maids’ rooms were terminated by a judgment entered August 24, 1984. That judgment was affirmed by the Court of Appeals. (64 NY2d 728 [1984].)
The defendants have now moved for summary judgment on the issue of their entitlement to use and occupancy and, thereafter, for a hearing to assess the value of such use and occupancy. Since the only issue that remains is the amount of defendant’s damages, it contends summary judgment is proper and that this court should direct an immediate trial to assess damages pursuant to CPLR 3212 (c).
The plaintiffs have cross-moved for an order pursuant to CPLR 3212 (e) for partial judgment dismissing the counterclaim of Third Colony to the extent it seeks damages other than for their value as maids’ rooms.
The plaintiffs do not dispute their liability, as they cannot, for the use and occupancy of the premises. The dispute here arises because the defendants allegedly had plans to convert the maids’ rooms into a professional medical suite. They claim that their plans were thwarted by the plaintiffs’ wrongful refusal to vacate the premises. Since the rental value of the space for use as a medical suite would far exceed the use of the space as maids’ rooms, defendants contend that any valuation of use and occupancy should be measured by the rental of the space as a medical suite.
*87 The plaintiffs note that although the standard for measuring damages for holding over beyond a lease term (called use and occupancy) is the reasonable rental value of the premises during the period of holding over (see, RPAPL 749 [3]); those damages are properly limited to those that were reasonably foreseeable by the parties at the time the lease agreement was made (see, e.g., Whitmier & Ferris Co. v Buffalo Structural Steel Corp., 104 AD2d 277 [4th Dept 1984]). This is a restatement of the hoary rule set out in Hadley v Baxendale (9 Exch 341, 156 Eng Rep 145).
Under this test, foreseeability is to be determined as of the time of the making of the lease and is unaffected by events later in time (Farnsworth, Contracts § 12.14, at 873). Additionally, although the rule of Hadley v Baxendale (supra) appears to deal with the contemplation "of both parties”, it is now accepted that foreseeability only by the party in breach is determinative (see, Farnsworth, op. cit., at 873). Finally, foreseeability has an objective character. "A contracting party takes the risk not only of those consequences that he actually did foresee, but also of those that he ought reasonably to have foreseen.” (Ibid, at 877.)
The plaintiffs argue that since the change in use of the maids’ rooms was not contemplated in 1979, when they took occupancy, no recovery is possible under this theory. However, the plaintiffs’ occupancy of the space was that of month-to-month tenants. Therefore, since a month-to-month tenancy implies the creation of a new lease each month, it is not determinative that at the time of their first entry into the premises, this change in use was not contemplated.
The plaintiffs’ assertion that the doctrine of Hadley v Baxendale (supra) is incorporated within the definition of use and occupancy is correct. Thus, recovery of damages in either case is limited by the concept of foreseeability.
Whether this change in use was foreseeable on the one hand, or speculative on the other, is a material question of fact not capable of resolution on this motion. It is properly left to a determination by the Trial Judge after the evidence on these questions has been presented.
Accordingly, defendants’ motion is granted and plaintiffs’ cross motion is denied.