**ALLEY CASSETTY COMPANIES, INC. d/b/a Alley Cassetty Brick, Appellant,**

v.

**Kevin E. WREN and Janine Marie Wren, Appellees.**

**Civil Action No. 2:12–CV–196–WCO.**

United States District Court, N.D. Georgia, Gainesville Division.

July 22, 2013.

---

610

Ryan Lance Isenberg, Isenberg & Hewitt, Atlanta, GA, for Appellant.

Charles Neil Kelley, Jr., William Douglas Jacobson, Cummings & Kelley, PC, Gainesville, GA, for Appellees.

### *ORDER*

WILLIAM C. O'KELLEY, Senior District Judge.

The captioned case is before the court on appeal from the following two orders of the bankruptcy court: 1) finding appellant in contempt of the automatic stay; and 2) awarding $2,500 in attorney's fees as actual damages to appellees. Appellant has also filed a motion to stay the appeal and to remand to the bankruptcy court for further proceedings [5].

### I. Factual Background

Appellant was hired by Hard Rock Pavers, LLC ("Hard Rock"), a subcontractor that did brick paving for a public works project (the "Project") to provide bricks for the Project. Appellant extended credit to Hard Rock with Kevin Wren's personal guaranty.

On May 1, 2011, Kevin Wren ("Wren") filed a Chapter 13 bankruptcy, which was later converted to Chapter 7. On May 24, 2011, appellant hired Isenberg & Hewitt, P.C. ("Isenberg & Hewitt") to collect the amounts due from Hard Rock to appellant. Isenberg & Hewitt sent a letter to Hard Rock and its owner, Wren, demanding payment of the balance owed on the account together with accrued interest (the "Demand Letter"). On June 6, 2011, a demand on the bond was sent to the bonding company and the general contractor of the Project.

Having received no notice of the bankruptcy or a response to the Demand Letter, appellant filed a state court lawsuit against Hard Rock, Wren, and Hartford Insurance Company, the bond insurer, on June 27, 2011. On June 29, 2011, Isenberg & Hewitt received a letter from Wren's counsel that included a notice of the bankruptcy. On June 30, 2011, Isenberg & Hewitt notified Wren's counsel, in writing, that no further action would be taken in pursuit of the debt against Wren in the state court and asked that he notify the state court of the bankruptcy. Subsequently, on June 30, 2011, Wren responded, demanding that the case against him be dismissed by the end of the week. Wren also sent a suggestion of bankruptcy to the state court.

On July 15, 2011, Wren filed a motion for contempt of the automatic stay in the bankruptcy court. On August 10, 2011, a

hearing was held on the contempt motion (the "Contempt Hearing"). On February 6, 2012, the bankruptcy court entered an order finding appellant in contempt and allowing Wren to recover reasonable attorney's fees as actual damages. Wren's counsel, Douglas Jacobson ("Jacobson"), filed an affidavit in support of Wren's claim for attorney's fees in the amount of $3,915, and appellant filed its objections. On June 27, 2012, the bankruptcy court held a hearing to determine the amount of attorney's fees (the "Fee Hearing"). On June 28, 2012, the bankruptcy court entered an order awarding $2,500 in attorney's fees incorporating the reasons announced in the record at the hearing.

## II. Legal Analysis

■■■ This court has jurisdiction of this appeal pursuant to 28 U.S.C. § 158(a). The court must accept the bankruptcy court's findings of fact unless they are clearly erroneous. *Equitable Life Assurance Soc'y v. Sublett (In re Sublett)*, 895 F.2d 1381, 1383 (11th Cir.1990). The bankruptcy court's conclusions of law, however, must be reviewed *de novo*. *Id.* "Although [a] review [of] the court's grant or denial of civil contempt in bankruptcy proceedings [is based on an] abuse of discretion [standard], ... less deference [is applied] in the context of an automatic stay violation." *Jove Eng'g, Inc. v. I.R.S.*, 92 F.3d 1539, 1546 (11th Cir.1996).

Appellant argues that the bankruptcy court erred in finding appellant in contempt of the automatic stay. Appellant contends that no automatic stay violation had occurred because it took no further action against Wren in the state court. Appellant explains that it was sufficient that the case against Wren was stayed pending its ability to determine how to proceed given that it could not unilaterally dismiss one party, and a dismissal of the

entire complaint could affect its right to recover on the payment bond.

The statute at issue is § 362(a)(1) of the Bankruptcy Code, which automatically stays:

> the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

11 U.S.C. § 362(a)(1). In addition, 11 U.S.C. § 362(k)(1) provides, in pertinent part, that "an individual injured by any willful violation of a stay ... shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."

■■■ The plain language of this statute prohibits the commencement or continuation of judicial actions once a bankruptcy petition is filed. In this circuit, "[a]ctions taken in violation of the automatic stay are void and without effect." *Borg–Warner Acceptance Corp. v. Hall*, 685 F.2d 1306, 1308 (11th Cir.1982). *See also Albany Partners, Ltd. v. Westbrook, Jr.*, 749 F.2d 670, 675 (11th Cir.1984). "Regardless of whether [appellant] received notice of [Wren]'s pending bankruptcy petition, the automatic stay was in effect." *Cyrus v. Wells Fargo Bank, N.A.*, No. 1:12–CV–01156–TWT–LTW, 2013 WL 869398 (N.D.Ga. Feb. 7, 2013). "Since the automatic stay is effective against the world, regardless of notice, acts in violation of the stay are automatically void *ab initio*." *In re Peralta*, 317 B.R. 381, 389 (9th Cir. BAP 2004). *See also Wombles v. Hagans*, No. 3:12–cv–532, 2012 WL 5512336, at *3 (M.D.Ala. Nov. 14, 2012) (holding that "even actions taken

without notice of the bankruptcy are void *ab initio.*"); *S. Dallas Water Auth. v. Guarantee Co. of N. Am.,* 767 F.Supp.2d 1284, 1297 (S.D.Ala.2011) (holding that "[i]t is the law in this Circuit that actions taken in violation of the automatic stay are void and without effect .... even though [the creditor] did not have notice of [the debtor]'s bankruptcy at the time it initiated [an] action in state court."). Accordingly, appellant's filing of the state court lawsuit was in violation of the automatic stay and is void. It is not disputed, however, that the filing was not a willful violation because appellant had no notice of the bankruptcy stay at the time of filing.

Once appellant was notified of the bankruptcy stay, "§ 362(a) imposes an affirmative duty to discontinue post-petition collection actions." *Eskanos & Adler, P.C. v. Leetien,* 309 F.3d 1210, 1214 (9th Cir.2002). "If a creditor acts without knowledge of the bankruptcy in violation of the automatic stay it must affirmatively act immediately to restore the pre-violation status quo." *S. Dallas Water Auth.,* 767 F.Supp.2d at 1298 (internal quotation and citation omitted). *See also Wombles,* No. 3:12–cv–532, 2012 WL 5512336, at *3 (holding that "once [creditor] received knowledge of the stay, [it] was required to take affirmative action to undo the violation of the automatic stay."). The bankruptcy court in *In re Smith,* 180 B.R. 311, 319 (Bankr.N.D.Ga.1995), held:

> Under § 362(h), a debtor has the burden of providing a creditor with adequate actual notice of a pending bankruptcy case. When a creditor receives such actual notice, the burden is then on the creditor to assure that the automatic stay is not violated or, if it has been violated prior to receipt of actual notice, the burden is on the creditor to reverse

any such action taken in violation of the stay.

*Id.* "The scope of protections embodied in the automatic stay is quite broad." *Id.* at 1214. "The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions." *In re Elder,* 12 B.R. 491, 493 (Bankr.M.D.Ga.1981).

The question here is whether appellant's actions after it became aware of the pendency of Wren's bankruptcy case were sufficient to satisfy its duty to "reverse [its prior] action[s] taken in violation of the stay" in the state court lawsuit. *Id.* In this regard, the Ninth Circuit Court in *Eskanos & Adler, P.C.,* held:

> We reject [the creditor]'s interpretation that "continuation" requires additional efforts beyond sustaining an active claim. The maintenance of an active collection action alone adequately satisfies the statutory prohibition against "continuation" of judicial actions. Consistent with the plain and unambiguous meaning of the statute, and consonant with Congressional intent, we hold that § 362(a)(1) imposes an affirmative duty to discontinue post-petition collection actions.

*Eskanos & Adler, P.C.,* 309 F.3d at 1215. The court is not aware of any Eleventh Circuit authority on this point. Appellees argue that the fact that appellant took no further actions against Wren in the state court lawsuit is not sufficient to satisfy its "affirmative duty to discontinue" the lawsuit. Appellant did not file a written notice with the state court or seek stay relief in the bankruptcy court. The court notes, however, that such actions were not required for appellant to effect an "immediate freeze of the status quo." *Id.* at 1214. A stay was already in place. Appellees

have not submitted, and the court is not aware of, any cases requiring the dismissal of a state court lawsuit that had been stayed.

Even if the court were to assume that appellant had failed to satisfy its "affirmative duty to discontinue," appellant's failure did not constitute a willful violation of the stay. "Failure to take affirmative action to undo an innocent violation of the automatic stay ... may constitute a willful violation." *In re Smith*, 180 B.R. at 319. "[T]he 'willfulness test' for automatic stay violations merely requires that: (1) the creditor know of the automatic stay; and (2) the actions that violate the stay be intentional.... No specific intent is required; a good faith belief that the stay is not being violated is not relevant to whether the act was 'willful' or whether compensation must be awarded." *In re Peralta*, 317 B.R. at 389 (internal quotation and citations omitted). *See also Eskanos & Adler, P.C.*, 309 F.3d at 1215. The Ninth Circuit Court in *Eskanos & Adler, P.C.* held that "[a] party violating the automatic stay, through continuing a collection action in a non-bankruptcy forum, must automatically dismiss or stay such proceeding or risk possible sanctions for willful violations pursuant to § 362[ (k) ]." *Eskanos & Adler, P.C.*, 309 F.3d at 1214.

Here, it is undisputed that the state court lawsuit was stayed pursuant to a suggestion of bankruptcy that was filed by Wren. In addition, appellant promptly assured Wren in writing that it would not take any further actions against Wren. The bankruptcy court found that the state court lawsuit had "ceased going forward" and that "no harm ... resulted from the continuance of the state court lawsuit." (Bankr.Order of Feb. 6, 2012 at 4.) As a

stay was legally in place, appellant did not need to take any steps to ensure that the automatic stay was not violated. Unlike the debtor in *Eskanos & Adler, P.C.*, Wren did not incur any cost "in defending against a continuing stay violation and preventing a default judgment." 309 F.3d at 1215–16. Wren's counsel represented to the court that the state court lawsuit was concluded in August 2011, shortly after the contempt motion was filed in the bankruptcy court.[1] (Tr. of the Fee Hearing 18–19.) Appellant obtained a default judgment against the corporate party and dismissed Wren from the state court lawsuit. (*Id.*)

Accordingly, appellant's violation of the stay was not willful pursuant to 11 U.S.C. § 362(k)(1), and appellees are not entitled to actual damages. Consequently, the bankruptcy court's award of actual damages in the form of reasonable attorney's fees must be vacated. *See In re Hutchings*, 348 B.R. 847, 883 (Bankr.N.D.Ala. 2006) (holding that a debtor was not entitled to recover her expenses, including attorney's fees, incurred in a proceeding to recover damages suffered because of a creditor's wrongful actions where those actions were not continuing and did not require an undoing to make the debtor whole). In view of the above ruling, appellant's motions regarding the bankruptcy court's determination of the amount of the attorney's fees are denied as moot.

## III. Conclusion

For the foregoing reasons, the court hereby **AFFIRMS in part and REVERSES and VACATES in part** the bankruptcy court's orders. More specifically, the court hereby **AFFIRMS** the bankruptcy court's order finding appellant in violation of the automatic stay and **RE-**

---

1. Appellant points out that an immediate and voluntary dismissal of Wren could not be

achieved because the state court lawsuit involved multiple parties.

VERSES and VACATES the bankruptcy court's order finding appellant in contempt and awarding attorney's fees as actual damages to appellees. The court also **DENIES as MOOT** appellant's motion to stay the appeal and to remand to the bankruptcy court for further proceedings with respect to the amount of the attorney's fees award [5].

**IT IS SO ORDERED.**