In re Deborah Ann
TANKSLEY, Debtors.

Bankruptcy No. 86–02424–DPM.

United States Bankruptcy Court,
E.D. Missouri, E.D.

Feb. 23, 1987.

Deborah A. Tanksley, St. Louis, Mo., debtor.

Gregory G. Fenlon, Clayton, Mo., for debtor.

Stephen G. Bell, St. Louis, Mo., for movant.

Stuart J. Radloff, Clayton, Mo., trustee.

### MEMORANDUM OPINION

DAVID P. McDONALD, Bankruptcy Judge.

### INTRODUCTION

Pending for determination are the Motion To Ratify Foreclosure Sale brought by Germania, F.A. ("Germania") and the Motion To Declare Foreclosure Null and Void And Set Foreclosure Aside For Violation of Automatic Stay brought by Debtor. Trial was had upon these matters on February 2, 1987, at which time evidence was adduced, argument of counsel heard, and leave granted to brief the issues contested. Upon the evidence adduced, the argument of counsel and the briefs of the parties, the Court makes the findings of fact and conclusions of law set forth below and this date enters an Order ratifying the contested foreclosure sale.

## FINDINGS OF FACT

1. On October 16, 1978, Germania made a loan to Debtor and her husband in the amount of $42,650.00 for the purchase of real estate known and numbered as 11411 Las Ladera Drive in St. Louis County, Missouri. Pursuant to said loan, Debtor and her husband executed a note and deed of trust in favor of Germania also dated October 16, 1978.

2. On August 25, 1986, Germania sent Debtor by certified mail a "Thirty Day Notice of Acceleration and Foreclosure" in which it advised her of a delinquency of more than $3,000 and that unless she cured the delinquency by September 25, 1986, that her obligation to Germania would be accelerated and her real estate sold by foreclosure.

3. On September 11, 1986, Germania had the real estate appraised. Its estimated value was $48,500.

4. On September 29, 1986, Debtor filed her voluntary Chapter 7 petition. At no time prior to her filing did Debtor notify Germania of her prospective bankruptcy.

5. This Court requires each debtor to file with the petition and schedules a matrix containing the names and addresses of creditors. The Court uses this matrix to notify creditors of the bankruptcy and other matters in the case. Debtor did not list Germania on her matrix and the Court, therefore, did not notify Germania of Debtor's bankruptcy.

6. On November 12, 1986, Debtor's Trustee in bankruptcy filed his Report of No Distribution.

7. On December 11, 1986, Germania conducted a foreclosure sale of Debtor's real estate and sold the property to S & P Properties, Inc. for $46,840.00, an amount approximating, if not equaling, its fair market value.

8. Germania did not know that Debtor had filed bankruptcy at the time of the foreclosure sale, and did not learn of that fact until several days after the sale.

9. Were the Court to lift the stay and allow Germania to conduct another foreclosure sale, Germania would incur additional expenses in excess of $1,500.

10. Any of the foregoing findings of fact deemed to be conclusions of law are hereby incorporated into the Conclusions of Law.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(A), (G), and (O), which the Court may hear and determine.

2. Germania's foreclosure sale of Debtor's real estate violated the stay imposed by 11 U.S.C. § 362(a)(1).

3. "Acts taken in violation of the automatic stay are generally deemed void and without effect." *Kalb v. Feuerstein,* 308 U.S. 433, 443, 60 S.Ct. 343, 348, 84 L.Ed. 370 (1940); *Borg-Warner Acceptance Corp. v. Hall,* 685 F.2d 1306, 1308 (11th Cir.1982). Nonetheless, § 362(d) expressly grants bankruptcy courts the option, in fashioning appropriate relief, of 'annulling' the automatic stay, in addition to merely 'terminating' it. The word 'annulling' in this provision evidently contemplates the power of bankruptcy courts to grant relief from the stay which has retroactive effect; otherwise its inclusion, next to 'terminating', would be superfluous. As stated in 2 Collier's Bankruptcy Manual ¶ 362.06 (3d Ed.1983):

> 'In addition to the obvious power to 'terminate' the stay, [§ 362(d)] also gives the bankruptcy court the power to 'annul' the stay. The difference between the two is that an order annulling the stay could operate retroactively to the date of the filing of the petition which gave rise to the stay, and thus validate actions taken by the party at a time when he may have been unaware of the existence of the stay. On the other hand, an order terminating the stay

would be operative only from the date of its entry.'

To similar effect is the advisory committee's note accompanying former Bankruptcy Rule 601(c), a predecessor to § 362(d), which explains the role of annullment as follows:

" 'This rule consists with the view that ... an act or proceeding [against property in the bankruptcy court's custody taken in violation of the automatic stay] is void, but subdivision (c) recognizes that in appropriate cases the court may annul the stay so as to validate action taken during the pendency of the stay.' "

*In re Albany Partners, LTD.*, 749 F.2d 670, 675 (11th Cir.1984).

■ 4. Retroactive relief from the stay is appropriate where, as here, the creditor's violation of the stay was done without actual or constructive knowledge of the stay, there is no equity in the property for the estate or the debtor, the property is not necessary for effective reorganization by reason of the case being a Chapter 7 liquidation, relief from the stay would in any case be granted upon the filing of a motion, and repetition of the foreclosure sale would entail needless expense to the creditor.

5. The stay of 11 U.S.C. § 362 will be annulled as to Germania and its foreclosure sale ratified.

6. Debtor's motion to declare said sale null and void will be denied.

7. An Order consistent with the Memorandum Opinion will be filed simultaneously therewith.

8. Any of the foregoing conclusions of law deemed to be findings of fact are hereby incorporated into the Findings of Fact.