**In re SUPERIOR EQUIPMENT MANU-
FACTURING COMPANY, INC., Debtor.**

**Bankruptcy No. 86–90273.**

United States Bankruptcy Court,
C.D. Illinois,
Danville Division.

Jan. 26, 1989.

Bruce Meachum, Danville, for debtor.

James Mulvaney, Danville, for creditor
Claxton.

OPINION

GERALD D. FINES, Bankruptcy
Judge.

This matter is before the Court on a
Motion to Reopen Bankruptcy and Annul
Stay Retroactively filed by Creditor, James
Claxton (Claxton), and Superior Equip-
ment's Resistance to Motion to Reopen
Bankruptcy and Annul Stay Retroactively.
The Court has reviewed the pleadings and
the Memorandum filed by Claxton in sup-
port of his motion, and, having heard the
arguments of counsel, the Court finds that
the facts of this matter are not seriously in
dispute and are in pertinent part as follows:

1. On or about November 10, 1982,
Claxton had a grain bin fire which caused
damage to his property. This fire was
allegedly caused by defects in equipment
manufactured and sold by the Debtor in
this case.

2. Claxton's alleged cause of action
arose in Iowa and, under Iowa law, which
applies, there is a five year statute of limi-
tations on causes of this type.

3. On September 28, 1987, Claxton filed
a law suit in Iowa District Court against
the Debtor based upon the above-stated
facts.

4. Under Iowa law, the statute of limi-
tations on Claxton's cause was due to run
on November 10, 1987.

5. On October 22, 1987, the Debtor filed
an answer to Claxton's suit generally deny-
ing the allegations. The Debtor's answer
did not raise the issue of Debtor's bank-
ruptcy which was filed on March 26, 1986,
and remained open until July 13, 1988.

6. Claxton became aware of Debtor's
bankruptcy sometime shortly after Novem-
ber 10, 1987, from a letter sent by Debtor's
Iowa counsel. Although this letter did rep-

resent that Debtor was in a Chapter 11 bankruptcy, it did not state anything further regarding the bankruptcy and did not raise the bankruptcy as a defense to Claxton's suit.

7. Thereafter, Debtor continued supplying discovery in the Iowa suit and it was not until September 29, 1988, that the Debtor moved to dismiss the Iowa suit claiming the final decree of bankruptcy as a bar to further proceedings by Claxton.

8. On December 13, 1988, Debtor filed a supplemental motion to dismiss the Iowa suit claiming for the first time that Claxton's filing of suit violated the bankruptcy automatic stay, thus voiding his filing.

9. On December 22, 1988, Claxton filed the instant Motion and Debtor's Resistance was filed on January 4, 1989.

10. The Court takes notice that it afforded stay relief to other creditors with similar claims to Claxton's on several occasions during the time Debtor's bankruptcy was open.

11. Claxton does not seek recovery against property or assets of the Debtor or of Debtor's bankruptcy estate, but against a liability insurance carrier of the debtor, a source which is not available to all general creditors of the Debtor.

■ In its Resistance, the Debtor argues that Claxton became aware of the bankruptcy sometime shortly after November 9, 1987, by way of a letter from Debtor's Iowa defense counsel and, as such, Claxton "sat on his rights" in waiting until December 1988 to attempt to remedy his stay violation. The Debtor further argues that Claxton should be barred from seeking relief from this Court under the principal of *laches*. The Court recognizes and Claxton does not dispute that this letter was sent

and received, but the Court finds that Claxton could have reasonably believed that Debtor intended to continue to defend the Iowa law suit outside of the bankruptcy by the remaining context of the November 9, 1987, letter. Additionally, Claxton's belief was bolstered by the fact that Debtor continued to proceed in the Iowa law suit by answering discovery. It was not until December 13, 1988, that Debtor actually raised the bankruptcy stay as a bar against Claxton in the Iowa suit and the Court notes that Claxton filed the instant motion within ten days of Debtor's action. Given these facts, the Court finds that it cannot invoke the equitable principle of *laches* against Claxton. The Court finds that the Debtor's active participation in the Iowa suit without raising the issue of the bankruptcy stay at an earlier time in the Iowa pleadings substantially contributed to the delay in Claxton's present request for relief. As such *laches* does not apply.

■ In reviewing the record of Debtor's bankruptcy, the Court takes notice of the fact that Claxton was not listed on the original schedule of creditors, nor was he included on the mailing matrix and, as such, it is clear Claxton had not received notice of Debtor's bankruptcy at the time the Iowa suit was filed. From this, the Court finds that Claxton's violation of the automatic stay was merely technical and not willful. It is also clear from the facts that the relief requested by Claxton at present is no different than it would have been in November 1987, except for the necessity of reopening the case. Given this, the Court can find no prejudice to the Debtor, and there is certainly no prejudice to the bankruptcy estate since Claxton does not seek recovery against the estate.

This Court has broad discretion when considering motions to reopen cases. Based upon its discretion, the Court finds there is no reason to deny Claxton's request to reopen Debtor's case. Claxton's

actions to this point in time have been reasonable under the circumstances and there has been cause shown to reopen this case.

The main thrust of Claxton's motion is aimed at a request to have the § 362 stay annulled retroactively so as to render the filing of the Iowa law suit valid from the beginning. The Debtor does not dispute that the Court has the authority to annul the stay retroactively and the Court finds that, under 11 U.S.C. § 362(d), it has such authority. The Court has reviewed the authority cited by Claxton on this point; *In re Tanksley,* 70 B.R. 429 (E.D.Mo.1987). This Court is in agreement with the *Tanksley* Court and finds that, in instances as in the present case where the Creditor took actions in violation of the automatic stay without actual or constructive knowledge of the stay, it is appropriate to grant retroactive relief from the stay.

For the foregoing reasons, the Court finds that the Motion to Reopen Bankruptcy and Annul Stay Retroactively should be granted.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.