HUNTINGTON NATIONAL BANK, Appellant,

v.

MURACO et al., Appellees.

[Cite as *Huntington Natl. Bank v. Muraco* (1990), 70 Ohio App.3d 96.]

Court of Appeals of Ohio,
Lake County.

No. 89–L–14–067.

Decided Nov. 5, 1990.

*Stephen M. Bales,* for appellant.

*David J. Richards*, for appellee Peoples Savings Bank.

*Michael J. Caticchio*, for appellee Pat Caticchio, Trustee.

*Irwin M. Frank*, for appellee Crown Carpet Center Co.

---

JOSEPH E. MAHONEY, Judge.

On March 18, 1988, appellant, Huntington National Bank ("Huntington"), filed an action in foreclosure against three parcels of real property owned by appellees, David J. and Maureen T. Muraco. On October 25, 1988, the trial court entered an order of foreclosure. On November 1, 1988, the trial court issued an order of sale to the Lake County Sheriff directing him to sell the property at public auction.

On January 3, 1989, a public auction was held at the Lake County Courthouse. Huntington was the successful bidder on the properties in question, and on January 17, 1989, they filed a motion for confirmation of sale. The judicial sale was confirmed on January 30, 1989. Unbeknownst to appellant and the trial court, however, on January 27, 1989, the Muracos had filed a joint petition in the United States Bankruptcy Court seeking relief under Chapter 7 of the United States Bankruptcy Code.

On March 21, 1989, Huntington filed a motion to vacate sale. On April 12, 1989, the trial court granted in part and denied in part said motion. The trial court vacated the confirmation order of January 30, 1989, but affirmed the sheriff's sale held on January 3, 1989.

Appellant timely filed a notice of appeal as to the latter portion of the trial court's order and set forth the following assignment of error:

"The trial court erred to the prejudice of the plaintiff when it refused to vacate the sheriff's sale, after vacating confirmation of the sale."

In the sole assignment of error, appellant claims the trial court erred in not vacating the sheriff's sale after vacating the confirmation of the sale. Appellant asserts that a sheriff's sale is nullified when the order confirming the sale is vacated due to an intervening bankruptcy.

It is clear that the trial court properly vacated the confirmation order. The appellees' petition in bankruptcy filed on January 27, 1989 triggered the automatic stay provisions imposed by Section 362(a), Title 11, U.S.Code. Therefore, the trial court's decision was appropriate and within its discretion. The issue that remains is whether the sheriff's sale should have been vacated as well.

The trial court, in holding that the sheriff's sale should not be vacated, relied on the decision *In re Tanksley* (E.D.Mo.1987), 70 B.R. 429, wherein the

court held that the bankruptcy court has the power to annul the automatic stay pursuant to Section 362(d), Title 11, U.S.Code. This is to be distinguished from terminating the automatic stay:

"The difference between the two is that an order annulling the stay could operate retroactively to the date of the filing of the petition which gave rise to the stay, and thus validate actions taken by the party at a time when he may have been unaware of the existence of the stay. On the other hand, an order terminating the stay would be operative only from the date of its entry." 2 Collier's Bankruptcy Manual (3 Ed.1983), Paragraph 362.06, at 362–42.

The trial court reasoned that Huntington would not be left without legal recourse because it could seek relief through the bankruptcy court. While the trial court was without power to confirm the sale because of the automatic stay provisions, the bankruptcy court retained the power pursuant to Section 362(d) to annul the stay. Since the trial court had no proof that Huntington pursued such a course of action in the bankruptcy court, it found Huntington's claim that it was left with no legal recourse to protect itself from speculative adverse market effects meritless.

The logic employed by the trial court is sound. Huntington can seek relief through the bankruptcy court. In effect, the trial court's decision left Huntington in the same position it would have been in had all parties been aware of the bankruptcy filing and no confirmation of sale had ever occurred. Clearly, in that situation, Huntington's recourse would have been through the bankruptcy court.

Appellant's assignment of error is without merit.

For the reasons stated herein, the decision of the trial court is affirmed.

*Judgment affirmed.*

CHRISTLEY, P.J., and BASINGER, J., concur.

RANDALL L. BASINGER, J., of the Putnam County Court of Common Pleas, sitting by assignment.