HELEN KLEINBERG, Appellant, v AMBASSADOR ASSOCIATES et al., Respondents.

First Department, September 25, 1984

APPEARANCES OF COUNSEL

*Barry S. Gedan* for appellant.

*Jeremy D. Morley* of counsel (*David I. Shivitz* with him on the brief; *Halperin Shivitz Eisenberg Schneider & Greenawalt,* attorneys), for Ambassador Associates and another, respondents.

### OPINION OF THE COURT

LYNCH, J.

The facts underlying this appeal by the plaintiff from an order dismissing her complaint are fully stated in the dissenting opinion. For the reasons stated in that opinion, we too would direct that Horace Bullard, president of the Whitehall Tenants' Committee be joined as a party plaintiff. Otherwise, we would affirm.

A stipulation is in the nature of a contract and is subject to the rules governing contracts (*Yonkers Fur Dressing Co. v Royal Ins. Co.,* 247 NY 435; *Bond v Bond,* 260 App Div

781, mot for rearg and mot for lv to app den 261 App Div 835; see, also, McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2104:1, p 560). Consequently, a stipulation must embody offered terms and arise from a valid acceptance of that offer.

The intention to accept must be manifested unequivocally (1 Williston, Contracts [3d ed], § 72), the acceptance must be of the terms stated in the offer, and if the offeree responds by adding provisions or making a counterproposal, the offer is deemed rejected (*Wittwer v Hurwitz,* 216 NY 259, mot for rearg den 217 NY 666; *Machinery Utilities Co. v Fry,* 224 App Div 392), rendering subsequent acceptance impossible (*Hough v Brown,* 19 NY 111, 115; *Westwitt Realty Corp. v Burger,* 212 App Div 622, 626).

Applying this fundamental law to the facts, we find untenable the dissent's conclusion that the plaintiff and the intervening plaintiff validly accepted "albeit belated * * * the terms of the stipulation submitted by Ambassador".

We consider, as does the dissent, that when the parties announced the settlement of the RPAPL article 7-A proceeding and stated that a stipulation would be reduced to writing, the draft submitted to the plaintiff-intervenor's attorney by the defendants' attorney to have been the latter's offer of the terms of the stipulation settling their action. The offer was not accepted. Instead, it was returned with a number of provisions added. Whether a counteroffer or a modification, this must be deemed a rejection of the offer, and at that point the offer was dead. When, on the later motion to set aside the stipulation, the defendants insisted that their offer had embodied the terms leading to the settlement, the plaintiff-intervenor persisted in its rejection. At this point the offer was doubly dead. It was only when this action was commenced that the plaintiff and plaintiff-intervenor manifested any intent to accept the defendants' terms. The acceptance, not simply "belated", is far too late.

Ignoring the rejection made twice of the defendants' terms, the plaintiff and plaintiff-intervenor contend that the defendants are estopped by their twice having offered them. An estoppel, however, may arise only "where the

facts of the agreement are undisputed" (*Matter of Dolgin Eldert Corp.*, 31 NY2d 1, 11). Here, the terms have always been in dispute.

We find it of no constraining import that there was a denial of the motion to vacate the discontinuance of the 7-A proceeding. The denial never reached the question of the existence of any underlying agreement; it arose solely on the technical ground that the mortgagee had not been made a party to the motion.

Order, Supreme Court, Bronx County (Callahan, J.), entered June 10, 1983, dismissing the plaintiff's complaint as against the defendants Ambassador Associates and Whitehall Realty Co. modified, on the law and on the facts, to the extent of directing that Horace Bullard, president of the Whitehall Tenants' Committee, officially named the 3333 Henry Hudson Parkway Tenants' Association, Inc., be joined as a party plaintiff and, as so modified, affirmed, without costs or disbursements.

BLOOM, J. (dissenting in part). I would modify the order appealed from to the extent of directing that Horace Bullard, president of the 3333 Henry Hudson Parkway Tenants' Association, Inc. (Tenants' Association), be joined as a party plaintiff and that the granting of summary judgment to defendants be reversed and the motion denied.

Plaintiff is a tenant in premises 3333 Henry Hudson Parkway, Riverdale, New York, known as the Whitehall. Defendant Ambassador Associates (Ambassador) is the owner and landlord of the premises. Defendant Whitehall Realty Co. (Realty) is the sponsor of a plan of cooperative ownership of the building. The remaining defendant is the Attorney-General of the State of New York. The action seeks a declaration that a stipulation settling a prior action entered into between one Horace Bullard, chairman of the Tenants' Association, as plaintiff, and Ambassador and Dollar Savings Bank, the holder of the mortgage on the building, as defendants, is in full force and effect; ordering Ambassador and Realty to specifically perform the terms of the stipulation; and enjoining Realty from offering and the Attorney-General from accepting the proposed plan of cooperative conversion.

In April, 1981, the Tenants' Association, purporting to represent 227 of the 450 tenants in the building, brought a proceeding in the Civil Court, Bronx County, under RPAPL article 7-A against Ambassador, as the owner of the premises, and Dollar Savings Bank, as the holder of the mortgage thereon, alleging that the deteriorating condition of the building's exterior masonry created a condition dangerous to life, health and safety. A judgment was sought directing the deposit of rents into court and the use thereof to remedy the condition (RPAPL 769).

In regular course, the case proceeded to trial. After the Tenants' Association's engineer had testified, the court declared a luncheon recess. When the court reconvened, Errol A. Brett, Esq., the then attorney for the Tenants' Association, announced that counsel and their respective clients had agreed to a settlement. He further stated that a stipulation would be reduced to writing and subscribed by the attorneys within a week. As a condition to the entry into the agreement of settlement, defendants' counsel insisted that the record reflect that the action be marked "discontinued with prejudice". Plaintiff's counsel agreed thereto and the record so indicates.

Defendants' attorneys proceeded to draft the stipulation which was forwarded to Mr. Brett. In the interim, however, the Tenants' Association substituted another attorney, one Mr. Schiff, for Mr. Brett. Schiff sought to add additional provisos to the stipulation, provisos to which counsel for the defendants in the 7-A proceeding would not accede. The upshot was that no formal stipulation was ever executed by the parties.

Thereafter, the Tenants' Association employed their present attorney who moved in the 7-A proceeding to delete from the stipulation of discontinuance the words "with prejudice", and to restore that case to the calendar. That motion was denied upon the procedural ground that Dollar Savings Bank, the mortgagee, which had been party to the original proceeding, had not been served with the motion papers and had not appeared on the motion. However, the record went on to note that since slightly more than a year had elapsed between the discontinuance with prejudice and the motion to vacate, the court assumed "that the

stipulation has been primarily lived up to on the part of the landlord".

With restoration of the article 7-A proceeding thus foreclosed, plaintiff, acting in her own behalf, instituted this action. In her complaint she adopted the terms of the written but unexecuted stipulation proposed by Ambassador in settlement of the article 7-A proceeding and alleged failure by Ambassador to perform the obligations thereof. She sought a declaration that the stipulation is in full force and effect and requested specific performance thereof. She also sought to enjoin the filing and acceptance of any plan of cooperative conversion of the Whitehall which is contrary to the terms of the stipulation. Following answer, Ambassador and Realty moved for summary judgment. Among the contentions urged by defendants was the ground that a stipulation, other than one reached in open court, must be in writing and subscribed by the party or his attorney in order to be effective (CPLR 2104). Special Term, relying on *Matter of Dolgin Eldert Corp.* (31 NY2d 1), held that only the fact of agreement, and not the terms thereof, had been memorialized and, therefore, the stipulation was not susceptible of enforcement. It further noted that since the stipulation had not been reduced to writing, it ran afoul of the Statute of Frauds (General Obligations Law, § 5-701). Additionally, it added, as a ground for granting summary judgment, the failure to join a necessary party, the Tenants' Association, which had been a party to the stipulation. Accordingly, it granted summary judgment to defendants. I disagree with the conclusion reached by Special Term. Accordingly, I would deny summary judgment.

Since the issue involving the failure to join a necessary party is the most simple of resolution, I deal with that issue first. There can be no doubt but that the Tenants' Association is a necessary party to this action. It entered into the stipulation sought to be enforced. Included in the papers submitted by plaintiff in opposition to defendants' motion for summary judgment was an affidavit by Horace Bullard, chairman of the Tenants' Association, in which the Tenants' Association consented to being joined in the action as a party plaintiff, adopted plaintiff's complaint as its own

and authorized plaintiff's counsel to act as the Association's attorney. In the circumstances indicated, Special Term should have permitted joinder (CPLR 1003).

Much of the difficulty with respect to the stipulation arises from the contradictory positions taken by the parties in the 7-A proceeding and in this action. On the motion to set aside the stipulation in the 7-A proceeding Ambassador took the position that a firm, binding stipulation had been entered into as a result of which that proceeding had been terminated with prejudice, while the Tenants' Association took the position that no such binding agreement had been reached. Although the motion was decided on procedural grounds, the record reflects that the court was of the opinion that a final disposition had been agreed to. In this action the positions are, in large part, reversed. Here, plaintiff and the Tenants' Association accept the terms proposed in writing by Ambassador. Ambassador, on the other hand, argues that the additions made by counsel substituted for Brett reflects that no binding agreement was entered into.

That the positions of the parties are now reversed does not detract from the justice of plaintiff's current position. "Equity does not demand that its suitors shall have led blameless lives" (*Loughran v Loughran,* 292 US 216, 229). It is clear that there is a binding adjudication in the 7-A proceeding that such a stipulation was agreed to. While the record in that proceeding does not reflect the terms thereof, that omission is taken care of by the adoption by plaintiff and the proposed intervenor-plaintiff of the proposed written stipulation which was sent by Ambassador to the Tenants' Association. That acceptance distinguishes this case from *Matter of Dolgin Eldert Corp.* (31 NY2d 1, *supra*) and *Matter of Glasso* (35 NY2d 319), and constitutes compliance with CPLR 2104. In neither of those cases was the stipulation "definite and complete" (*Matter of Dolgin Eldert Corp., supra,* p 10; *Matter of Glasso, supra,* p 321). In the case at bar, whatever indefiniteness and incompleteness there may have been has been eliminated by the assent, albeit belated, of plaintiff and the Tenants' Association to the terms of the stipulation submitted by Ambassador. No hearing is required to fix the terms thereof (cf.

*Marshall v Marshall,* 52 AD2d 841). Here, there is a writing concededly drafted by the party sought to be charged. Although unexecuted, the assent to its terms by the party to which it was directed created a binding stipulation.

Accordingly, I would hold that plaintiff, joined by the Tenants' Association as party plaintiff, may pursue this action.

Plaintiff requested reverse summary judgment at Special Term in accordance with CPLR 3212 (subd [b]). She repeats that request in this court.

The proceeding pursuant to RPAPL article 7-A was commenced in April, 1981, in the Civil Court, Bronx County. It was disposed of during trial on July 28, 1981. The motion to vacate the discontinuance with prejudice was denied in August, 1982. In the almost three years which have elapsed since the disposition, much has transpired. The determination of the Civil Court on the motion to vacate the discontinuance with prejudice indicates that substantial work may have been performed by Ambassador, purportedly in compliance with the stipulation. In these circumstances, the granting of summary judgment requiring Ambassador to comply with the stipulation may well be inequitable. For that reason, I am of the opinion that the matter should be left to trial where "the plastic remedies of the chancery [may be] moulded to the needs of justice" (*Foreman v Foreman,* 251 NY 237, 242).

SANDLER, J. P., and KASSAL, J., concur with LYNCH, J.; BLOOM, J., dissents in part in an opinion.

Order, Supreme Court, Bronx County, entered on June 10, 1983, modified, on the law and on the facts, to the extent of directing that Horace Bullard, president of the Whitehall Tenants' Committee, officially named the 3333 Henry Hudson Parkway Tenants' Association, Inc., be joined as a party plaintiff and, as so modified, affirmed, without costs and without disbursements.