## In the Matter of HEJCO, INC., Debtor.

### Bankruptcy No. BK85–1030.

United States Bankruptcy Court, D. Nebraska.

June 13, 1988.

Thomas D. Stalnaker, Omaha, Neb., for Hejco, Inc.

Michael R. Snyder, Kearney, Neb., for Virginia Bertrand.

## MEMORANDUM

JOHN C. MINAHAN, Jr.,
Bankruptcy Judge.

THIS MATTER is before the Court on the debtor's Application for Citation of

Contempt (Fil. # 105) for violation of the automatic stay. There are two issues before the Court. The first issue is whether notice given by a lessor to a debtor as lessee for nonrenewal of a year-to-year lease of agricultural lands violates the automatic stay under 11 U.S.C. § 362. The second issue is whether there is a violation of the automatic stay when the lessor subsequently commences an action in state court to regain possession of the leased land.

### FACTS

In March of 1984, a written one year lease of agricultural lands located in Phelps County, Nebraska was entered into between Virginia Bertrand as lessor and debtor as lessee. Paragraph 17 of the lease states in part:

> The Tenant expressly agrees and understands that his right to possession of said premises cannot be extended beyond the date this lease expires, except by written lease signed by all parties hereto. No notice to Tenant shall be necessary to terminate this lease at its expiration date in THE EVENT LANDLORD SELLS THE PROPERTY. OTHERWISE NOTICE OF TERMINATION SHALL BE GIVEN TO TENANT ON OR BEFORE SEPTEMBER 1, 1984. [Capitalization in original.]

Notwithstanding the provisions of paragraph 17 of the lease, debtor continued to possess and farm the land in 1985, 1986 and 1987. On May 7, 1985, the debtor filed its Chapter 11 bankruptcy petition. Although the debtor remained in possession, it did not receive court approval to assume or reject the lease within 60 days of the filing of the petition. On August 21, 1987, the lessor caused a notice to be served on the debtor which indicated that the lease would not be renewed for another year, and that the lease would terminate on February 28, 1988. However, in April of 1988, the debtor was still in possession of the land. Thus, the lessor brought an action against the debtor in state court seeking to obtain possession of the real property and the winter wheat crop existing thereon.

The debtor claims that the giving of notice of nonrenewal of the lease, and the subsequent commencement of the lawsuit in state court are violations of the automatic stay which subject the lessor to a contempt citation. The Court concludes that the automatic stay of § 362 was not violated.

## DISCUSSION

■ At the time the debtor filed its bankruptcy petition, the lease of the agricultural lands between Virginia Bertrand and the debtor had not terminated. Although the written lease signed in March of 1984 indicated that the lease would last only for a term of one year, the lease did not terminate at the end of the written lease term. The lease remained effective under a rule of Nebraska law. The Nebraska Supreme Court has held,

> ... where lands are leased to a tenant for 1 year for a stipulated rent reserved, and after the expiration of the lease the tenant, without further contract, remains in possession, and is recognized as a tenant by the landlord in the receipt of rent for another year, this will create a tenancy from year-to-year; and in such case the tenancy can only be terminated by an agreement of the parties, express or implied or by notice given, 6 calendar months ending with the period of the year at which the tenancy commenced.

*Moudry v. Parkos*, 217 Neb. 521, 523, 349 N.W.2d 387, 389 (1984) (quoting *Fisher v. Stuckey*, 201 Neb. 439, 445, 267 N.W.2d 768, 772 (1978). In the present situation, when the written lease term expired in March of 1985, the tenant remained in possession, and the landlord collected rent. This action created a tenancy from year-to-year. Thus, when the debtor filed bankruptcy on May 7, 1985, the lease was unexpired. The August 21, 1987 notice complained of in this case was a six month notice of nonrenewal as contemplated by the above Nebraska decisional law.

■ Section 365 of the Bankruptcy Code provides that an unexpired lease may be assumed or rejected by the debtor. Section 365(d)(4) states that "if the [debtor] does not assume or reject an unexpired lease of nonresidential real property under which the debtor is the lessee within 60 days after the date of the order for relief ... then such lease is deemed rejected, and the [debtor] shall immediately surrender such nonresidential real property to the lessor." In the case before the Court, it was suggested by oral argument that the unexpired lease was assumed within sixty days by the conduct of the parties. It is clear, however, that a lease cannot be assumed by conduct. Section 365(a) of the Code requires *court approval* for the assumption or rejection of the unexpired lease. *See* Advisory Committee Note to Bankruptcy Rule 6006. *See also In re Marple Pub. Co.*, 20 B.R. 933, 935 (Bkrtcy. E.D.Pa.1982). The debtor did not obtain court approval to assume the lease. Thus, when the sixty day period for assumption of the lease expired, the lease was deemed rejected as a matter of law. The lessor gave the debtor notice of nonrenewal after the date on which the lease was deemed rejected.

■ Debtor's counsel argued that § 365(d)(4) does not apply to leases of agricultural land. The Court finds that a lease of farmland for agricultural purposes is a lease of "nonresidential real property" within the meaning of § 365. The statutory draftsmen divided the universe of real property leasehold estates into only two categories: residential and nonresidential. Not relevant here are problems that arise when the leasehold estate is composed of both residential and nonresidential property. The leasehold estate before the Court is composed of real property that was leased for agricultural purposes and not for residential purposes. Thus, it is a lease of "nonresidential real property" for purposes of § 365.

■ The Court must now consider whether the giving of notice of nonrenewal under a year-to-year lease which has been deemed rejected violates the automatic stay. Section 362 of the Code prohibits any act to obtain possession of property of the estate or of property from the estate, or to exercise control over property of the estate

without first obtaining relief from the automatic stay. Section 541 of the Code indicates that when a debtor files bankruptcy, the bankruptcy estate includes all legal or equitable interests of the debtor in property as of the commencement of the case. In the present situation, when the debtor filed bankruptcy, it had an interest in the leasehold estate under the year-to-year tenancy. The debtor's interest included a right to use the leased property for the remainder of the current one year term and a contingent future interest in the form of a right to renew the lease. The right of renewal is subject to a condition that the lessor not give notice of nonrenewal of the lease at least six months prior to the end of the lease year.

At the time the bankruptcy petition was filed, property of the estate under § 541 included the debtor's present leasehold estate and debtor's contingent future interest in the leased premises. The stay would have been violated by any act which sought to terminate the debtor's possessory interest or the future interest in the leasehold estate. It does not follow, however, that the stay was violated in this case.

The debtor's contingent future interest in the leasehold estate expired as a matter of law at the time the lease was deemed rejected under § 365(d)(4). As a matter of federal law under § 365(d)(4), once the lease is deemed rejected, the lessee-debtor has the statutory duty to immediately surrender possession of the nonresidential real property to the lessor. The rejection of the lease and the obligation to immediately surrender the real property, necessarily extinguish the state created right to renew the lease. The giving of notice of nonrenewal of the lease by the lessor after the lease was deemed rejected did not violate the automatic stay of § 362(a) because the notice did not affect property of the estate or of the debtor. It should be noted, however, that the giving of notice of nonrenewal before the lease is rejected or deemed rejected, could be construed to violate the automatic stay since such a notice would be an attempt to deprive the debtor of its then existing contingent future interest in the leasehold estate.

Having concluded that giving notice of nonrenewal after the lease was deemed rejected did not violate the automatic stay, we must turn to the issue of whether the lessor's commencement of an action for forcible entry and detainer in state court for the purpose of gaining possession of the leasehold premises violated § 362(a)(3) which stays "any action to gain possession or property of the estate." On the facts of this case, such action did not violate the stay.

Under Nebraska law the debtor's lease expired before the lessor commenced proceedings in state court. The lessee-debtor did not have a right to renew the lease due to the facts that the lease was deemed rejected under § 365(d)(4) and the lessor had given timely notice of nonrenewal. Since the lease could not be renewed, it follows that the lease terminated at the expiration of its one year term. Property of the estate ceases to include any interest of the debtor as lessee under a lease of nonresidential real property that has terminated at the expiration of the stated term after the commencement of the bankruptcy case. *See* 11 U.S.C. § 541(b)(2). Under § 362(b)(10), the automatic stay does not prohibit any act by a lessor to gain possession of nonresidential real property after the termination of the lease by expiration of the stated term after the commencement of the case. Because the lease had terminated by the time the lessor had commenced the state court action to regain possession of the property, the commencement of the state proceedings did not violate the automatic stay.

The Court's holding is strictly limited to the facts and circumstances of the present dispute. The giving of notice of termination or nonrenewal of a lease under other circumstances may constitute a violation of the automatic stay for which damages may be assessed under § 362(h). *See e.g., In re Sixteen To One Mining Corp.,* 9 B.R. 636 (Bkrtcy.D.Nev.1981).

## CONCLUSION

For the reasons stated in this memorandum opinion,

IT IS ORDERED, that the debtor's Application for Citation of Contempt is denied.