**In re ERIE BUILDERS CONCRETE COMPANY, Debtor.**

**ERIE BUILDERS CONCRETE COMPANY, Plaintiff,**

v.

**ERIE–WESTERN PENNSYLVANIA PORT AUTHORITY, Defendant.**

**Bankruptcy No. 89-00150E.**
**Adv. No. 89–0016.**

United States Bankruptcy Court,
W.D. Pennsylvania.

April 25, 1989.

Lawrence C. Bolla, Erie, Pa., for creditors' committee.

Gary V. Skiba, Erie, Pa., for debtor.

John McLaughlin, for defendant.

---

## OPINION AND ORDER

WARREN W. BENTZ, Bankruptcy Judge.

This 25th day of April, 1989, after notice and hearing on the debtor's COMPLAINT FOR TEMPORARY RESTRAINING ORDER AND FOR PRELIMINARY AND PERMANENT INJUNCTION, the court finds as follows:

(a) Debtor filed the above Complaint on March 24, 1989 together with a Motion for Preliminary Injunction and Motion for Temporary Restraining Order.

(b) A hearing was held on the Motion for Temporary Restraining Order and Preliminary Injunction on March 28, 1989 at which it appeared that there were no facts in dispute. The Motion for Temporary Restraining Order was, on that date, refused. Hearing on the Complaint was held on April 17, 1989.

(c) Debtor's lease of the property in question expired by its terms on December 31, 1988 and was extended by stipulation of the parties until the date of the decision by the United States District Court for the Western District of Pennsylvania (Gerald J. Weber, District Judge) in the litigation between the parties in which the debtor was then attempting to obtain an extension of said lease under a claim of right. Judge Weber's decision was handed down February 7, 1989 thereby terminating the lease extension, 705 F.Supp. 1125. That decision denied any and all of debtor's claims of right to an extension of the lease. Absent bankruptcy, that decision forecloses debtor's claim to a right of occupancy in the leased premises.

(d) Debtor here seeks a bankruptcy remedy. Bankruptcy Code § 362(b)(10) specifically provides that where the lease has expired prior to the filing of the bankruptcy proceedings, there is no automatic stay in effect. Debtor therefore relies on § 105 of the Bankruptcy Code for authority in this court to revive and/or extend the expired lease for the benefit of the debtor and the creditors. Subsection (b)(10) of § 362 was added in 1984, indicating a legislative intent that an expired non-residential lease is not property of the estate and that an extension of debtor's possession under § 105 may only be considered in exigent circumstances. If this were a Chapter 7 proceeding, and if the plaintiff were a Chapter 7 trustee seeking the right to continue occupancy for the limited purpose of liquidating or removing the assets, we would likely measure the harm to the landlord against the harm to the estate, with a view to protecting the assets for the limited period necessary for liquidation or removal from the premises. If there were a question still open to litigation whether debtor has a legal right to the premises, then we could consider maintaining the status quo pending adjudication of such question. But that litigation has been concluded and the District Court has ruled that debtor has no legal right to an extension of the lease. Debtor's Complaint, therefore, must be viewed as an attempt to continue his ongoing operation on premises to which, it has been adjudicated, he has no legal right. We see no authority under § 105 for the grant of such right of occupancy.

It is therefore ORDERED that plaintiff-debtor's Complaint shall be, and it hereby is, dismissed.