**In re Gene J. NEVILLE d/b/a Brush Hollow Arms, Debtor.**

**Bankruptcy No. 890–81352–478.**

United States Bankruptcy Court, E.D. New York.

Aug. 24, 1990.

Philip D. Miller, Westbury, N.Y., for debtor.

Bogut Chetkof & O'Brien by James F. O'Brien, Jericho Atrium, Jericho, N.Y., for Tivoli Motel, Landlord.

Robert W. Schmidt, Co. Atty. of Nassau County by Judith L. Cashman, Mineola, N.Y.

### DECISION AND ORDER

DOROTHY EISENBERG, Bankruptcy Judge.

This matter comes before this Court pursuant to an Order to Show Cause brought by the Debtor seeking an order (1) holding the Tivoli Motel (hereinafter the "Landlord") and the Sheriff of Nassau County (hereinafter the "Sheriff") in contempt for evicting the Debtor from his place of business in violation of the Automatic Stay, and

(2) directing those entities to restore the Debtor to his place of business. The Landlord and the Sheriff opposed the order to show cause arguing that their actions did not violate the automatic stay because of the exception contained in section 362(b)(10) for actions by the lessor of the Debtor under a lease of nonresidential real property that has expired by its own terms prior to the filing of the bankruptcy petition to obtain possession of such property.

This Court finds that the Debtor's lease terminated pursuant to its own terms prior to the commencement of the case. Therefore, Section 362(b)(10) applies to the actions of the Landlord in seeking to regain possession of the premises and the leasehold is not property of the estate under Section 541(b)(2).

## FACTS

The Debtor had operated a senior citizens residence facility under the name of Brush Hollow Arms at 3400 Brush Hollow Road, Westbury, New York and had been in possession of said premises pursuant to a lease that terminated by its own terms on April 30, 1989. In May 1989, the Landlord commenced a proceeding in the District Court of Nassau County seeking to evict the Debtor from the premises as a holdover tenant. In settlement of that litigation the Debtor and Landlord entered into a stipulation and consent agreement whereby the Debtor was to remain in possession of the premises until October 31, 1989[1]. In conjunction with that settlement and extension of possession, the Debtor consented to the entry of a final judgement of possession and issuance of a warrant of eviction which was to be stayed until October 31, 1989.

At the same time, the parties entered into a contract for the sale of the real property to the Debtor on specified terms with a closing contemplated on or about August 15, 1989. If the Debtor had not defaulted in either satisfying the stipulation of settlement or in complying with the terms of the contract of sale, the Debtor

would have closed on the real property and obtained title prior to October 31, 1989. At that time the final judgment of possession and warrant of eviction would have become moot. The Debtor, however, defaulted on the terms of the stipulation and on October 30, 1989, the District Court of Nassau County, New York, entered a judgment of possession and issued a warrant of eviction. The warrant was stayed only until October 31, 1989. Thereafter, the Debtor received a further stay of the warrant of eviction until December 31, 1989 to provide an adequate opportunity for an orderly removal from the premises.

What then followed was several months of litigation and appeals on behalf of the Debtor in the state courts seeking to have the Warrant of Eviction stayed and/or vacated based on the Debtor's claim that it had been given inadequate notice of the default and termination of lease or Contract of Sale. Finally, on May 17, 1990 after a hearing at the First District Court for the County of Nassau, State of New York, Judge Sandra J. Feurstein determined that the Debtor had received adequate notice of default and denied the Debtor's request to vacate the judgment of possession. The Order vacated all prior stays granted thereby allowing the landlord to pursue whatever remedy it had under the final judgment of possession and warrant of eviction entered on October 30, 1989. Thereafter, the landlord served Judge Feurstein's Order on the Sheriff and on May 18, 1990, the Sheriff served the Debtor with the warrant of eviction and final Order. On May 23, 1990 the Debtor was evicted from his place of business by the Sheriff of Nassau County. The Debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code on May 21, 1990. The Debtor had no senior citizens residing at the premises at that time.

A hearing to consider the Debtor's order to show cause was held in the Bankruptcy Court on June 1, 1990. At the hearing numerous documents were introduced into

---

1. This stipulation is an agreement to use real property pursuant to Section 365(m) of the Bankruptcy Code.

evidence, including the Debtor's lease for the premises, the stipulation and consent agreement as well as the transcripts and decisions in the several prior State Court proceedings. The Debtor through its counsel attempted to persuade this Court that the warrant of eviction issued by the District Court of Nassau County was invalid because the District Court lacked subject matter jurisdiction and also that the Landlord was required to seek relief from the automatic stay before proceeding under section 362(b)(10).

■ Based upon all the evidence and testimony presented at the hearing this Court denied the Debtor's motion from the bench. The Court's oral decision was based primarily on a decision by the District Court of the Southern District of New York, *In re Lady Liberty Tavern Corp.*, 94 B.R. 812 (S.D.N.Y.1988) which involved similar facts. In that case, the District Court held on the authority of *Kelleran v. Andrijevic*, 825 F.2d 692 (2d Cir.1987), that a Bankruptcy Court is required to give full faith and credit to a State Court's judgment terminating a lease and awarding possession of the premises to the landlord. A judgment of the State Court has preclusive effect in the bankruptcy context, and therefore, a Bankruptcy Court should not undertake an independent review of the issues previously decided in the State Court. Accordingly, this Court held that pursuant to the prior State Court judgment the Debtor's lease had terminated pre-petition and was not property of this Debtor's estate as of the date of the filing of the petition. This Court further held that the Landlord was authorized to take any action to regain possession of the premises because the automatic stay did not apply by virtue of the exception found in Section 362(b)(10).

Counsel for the Debtor requested that he be given an opportunity to persuade this Court that his attack on the validity of the warrant of eviction could be supported at law. The Court permitted the parties to submit memoranda in support of their respective positions. After reviewing and considering the Debtor's memoranda, opposing memoranda, and the Debtor's reply, this Court remains unpersuaded.

■ As previously stated, this Court is required to give full faith and credit to a State Court's judgment terminating a lease and awarding possession of the premises to the landlord. *In re Lady Liberty*, 94 B.R. at 815; *see also, In re Cohoes Industrial Terminal, Inc.*, 70 B.R. 214 (S.D.N.Y.1987). In *Lady Liberty*, the Court held that a *default* judgment was entitled to preclusive effect in the Bankruptcy Court. In this case, however, the argument in support of giving the State Court judgment preclusive effect is further supported by the fact that it is a judgment on the merits. The Debtor was given ample opportunity to challenge the validity of the warrant of eviction in the State Courts and this Court will not undertake an independent review of the validity of the warrant of eviction particularly since the judgment was entered on the merits. It is clear to this Court that pursuant to the State Court's judgment, the lease between the Landlord and the Debtor terminated by its own terms on October 31, 1989.

Debtor's reliance on *Matter of Bentley*, 12 B.R. 528 (Bankr.S.D.N.Y.1981), for the proposition that a Bankruptcy Court has the authority to consider the validity of a State Court judgment is misplaced. In that case a pledgee of shares in the debtor's cooperative and appurtenant lease sought to gain possession of the debtor's cooperative through the use of summary proceeding. The Bankruptcy Court found that there was no landlord-tenant relationship between the parties and under New York Law a debtor-creditor relationship is insufficient to support a summary proceeding for dispossess and eviction of a tenant. *Id.* at 531. Therefore, the State Court did not have jurisdiction over the dispute. The facts in the instant case are in no way similar to those in *Bentley*. Here, unlike *Bentley*, there clearly is a landlord-tenant relationship. There is no legal authority to challenge the subject matter jurisdiction of the District Court of Nassau County to deal with landlord-tenant disputes such as the one in the instant case. In fact, it is

the appropriate forum for entering final judgments of dispossess and warrants of eviction as between landlords and tenants in Nassau County. Consequently, for the reasons stated above, this Court must proceed on the basis that the State Court judgment of possession and warrant of eviction are valid.

Section 362(b)(10) is an exception to the automatic stay provisions of Section 362 which was added to the Bankruptcy Code in 1984. That section provides in pertinent part:

The filing of a petition under section 301, 302, 303 of this title ... does not operate as a stay—

(10) Under subsection (a) of this section, of any act by a lessor to the debtor under a lease of non-residential real property that has terminated by the expiration of the stated term of the lease before the commencement of or during the case under this title to obtain possession of such property.

11 U.S.C. § 362(b)(10) (1988).

█ The language of Section 362(b)(10) clearly indicates that it is not necessary for a landlord to move in the Bankruptcy Court to vacate the automatic stay when the Debtor is operating under a lease of non-residential real property that has terminated by the expiration of the stated term of the lease before the commencement of or during a case under this title. The landlord may do whatever is necessary and appropriate under state law to obtain possession of such property. *See In re Northeastern Int'l Airways, Inc.,* 56 B.R. 247 (S.D.Fla. 1986); *In re Damianopoulos,* 93 B.R. 3 (Bankr.N.D.N.Y.1988); *In re Hejco, Inc.,* 87 B.R. 80 (Bankr.D.Neb.1988); *In re Memphis–Friday's Associates,* 88 B.R. 830 (Bankr.W.D.Tenn.1988).

█ The Debtor's argument that his equitable possessory interests are protected by the automatic stay is totally without support. The Debtor's right to possession actually terminated on October 31, 1989. The Debtor's continued possession was as a result of stays obtained pending various appeals in the State Courts. Even if Judge Feurstein's order had not been entered on May 17, 1990 and even if the warrant of eviction had not been issued and served on the Debtor, all that the Debtor would have by operation of New York State Real Property Law was a hold-over month-to-month tenancy. *See* N.Y. Real Prop. Law § 232–c (McKinney 1989).

The legislative history of Section 362(b)(10) indicates that it was intended to permit landlords to proceed promptly in State Court to reclaim possession of the non-residential lease premises where the lease expired by its own term and to finalize landlord/tenant disputes such as the one that is the subject of this case. *See* S.Rep. No. 98–65, 98th Congr., 1st Sess. 68 (1983). For this Court to accept the Debtor's argument that "his equitable possessory interests were protected by the automatic stay" would result in nullifying Section 362(b)(10), which was purposely placed into the Bankruptcy Code to deal with situations such as this.

█ Pursuant to Section 365(c)(3), the Debtor retained no leasehold interest that could be assigned. There was no possibility of remaining in possession for any considerable length of time. The Debtor's naked possessory interest, if any, has no value to this Debtor's estate, and to reimpose a stay against the Landlord would not benefit this Debtor's estate. Once a lease has been terminated, the Bankruptcy Court does not have the power to revive it even through its equitable powers. *In re Erie Builders Concrete Co.,* 98 B.R. 737 (Bankr. W.D.Pa.1989); *In re West Pine Const. Co.,* 80 B.R. 315 (Bankr.E.D.Pa.1987); *In re Darwin,* 22 B.R. 259 (Bankr.E.D.N.Y.1982).

█ Although the Debtor claims that the contract of sale has not terminated, the testimony of Mr. Neville at the hearing revealed that the Debtor had not made the payment pursuant to the contract of sale and the contract was clearly in default. Even if the contract had not terminated, it has no bearing on the termination of the leasehold and the tenancy that had been terminated. If the Debtor believes that it has a cause of action against the landlord or other parties for breach of a contract of sale or for fraud or any other cause of

action founded in law, it may bring a separate action for damages against the appropriate parties. These unproven allegations do not affect this Court's decision in the matter before it.

### CONCLUSION

Upon considering the memoranda of law submitted by the parties this Court remains unpersuaded. The Bankruptcy Court must give preclusive effect to the judgments of the State Courts to the same extent that the state courts would. The Debtor had ample opportunity to attack the judgment of possession and warrant of eviction in the State Courts and cannot now come to the Bankruptcy Court and attempt to re-litigate what was already decided in the State Courts.

It is clear to the Court from the documents presented at the hearing on June 1 1990, those included in the pleadings and the transcripts of the prior state court proceedings, that the Debtor's lease for its non-residential premises terminated by its own terms on October 31, 1989 and any prohibition against Landlord's acts to remove the Debtor from possession were vacated by the District Court's Order on May 17, 1990. Therefore pursuant to the provisions of section 362(b)(10) the actions of the Landlord were not stayed by the Automatic Stay.

The debtor's motion is denied.

So ordered.