**In re ISSA CORP., d/b/a Kanani's Omar Khayyam Restaurant, Debtor.**

**Bankruptcy No. 91B 15037 (TLB).**

United States Bankruptcy Court, S.D. New York.

March 18, 1992.

Richard J. Reisch, Garden City, N.Y. by Clifford J. Petroske, for the debtor.

Pryor, Cashman, Sherman & Flynn, New York City by John Brecker, for the Chapter 11 Trustee.

## DECISION ON MOTION FOR STAY PENDING APPEAL OF DENIAL OF MOTION TO ASSUME EXECUTORY CONTRACT

TINA L. BROZMAN, Bankruptcy Judge:

Issa Corp., the debtor, moves pursuant to Bankruptcy Rule 8005 for a stay pending appeal of a denial of a motion to assume what the debtor styles an executory contract. No opposition to the request for a stay was interposed.

The debtor is the owner and operator of a restaurant, which is its sole business, pursuant to a lease agreement entered into in November 1989. In January 1991, the landlord commenced a summary proceeding in the Civil Court of New York to evict the debtor for failure to pay rent. On June 11, 1991, a judgment of possession was granted on stipulation, and the parties entered into a stipulation of settlement whereby the debtor consented to a final judgment in favor of the landlord. The stipulation provided that a warrant of eviction could issue but that issuance would be stayed if certain conditions were met. The debtor defaulted again in October 1991 and the warrant was issued. The debtor moved in state court to reinstate the terms of the stipulation, to cure its defaults and vacate the warrant. The motion was denied, and on October 29, 1991, the parties entered into an amended stipulation, so ordered by the State court, providing for additional payments and the continuing validity of the warrant. A payment of $7,113.83 was due before November 5, 1991. The debtor defaulted on that payment and filed a chapter 11 petition on November 6, 1991. When the debtor sought to assume the stipulation embodied by the first state court order, as amended by the second, I denied that motion and lifted the automatic stay to allow the landlord to pursue its state-created remedies.

The debtor asserted that the first stipulation between itself and the landlord is an executory contract subject to assumption under 11 U.S.C. § 365. According to the debtor, the lease between the parties was terminated by issuance of the warrant of eviction and therefore could not be as-

sumed or assigned. However, the debtor argued that the relationship, governed solely by the terms of the first stipulation, as amended by the stipulation of October 29, was an executory contract for possession of the premises, which could be assumed.

The landlord argued that the stipulation was entered into as part of the final judgment, and that the issuance of a warrant annulled the landlord and tenant relationship. Although under state law a tenant normally retains an equitable interest in the property after issuance of the warrant to the extent that it could potentially have the warrant vacated for good cause, the landlord maintained that such an interest is not assumable in bankruptcy, which the debtor did not dispute. Here, however, even that possibility of vacatur of the warrant had been exhausted when the State court denied that very relief.

■ The debtor now moves for a stay pending appeal pursuant to Rule 8005 of the Federal Rules of Bankruptcy Procedure. In order to obtain a stay pending appeal under Rule 8005, the movant must establish (1) a strong likelihood of success on the merits of the appeal; (2) that the movant will suffer irreparable injury if the stay is denied; (3) that substantial harm will not be suffered by other parties if the stay is granted; and (4) that issuance of the stay would not involve harm to the public interest. *In re Charles & Lillian Brown's Hotel, Inc.,* 93 B.R. 49, 53 (Bankr. S.D.N.Y.1988); *In re Liggett,* 118 B.R. 219, 221 (Bankr.S.D.N.Y.1990); *In re Fosko Markets,* 74 B.R. 384, 390 (Bankr.S.D.N.Y. 1987). To prevail, the debtor must satisfy all four requirements before the stay will be granted. *In re Friedberg,* 1991 WL 259038 (S.D.N.Y.1991); *In re Charles & Lillian Brown's Hotel, Inc., supra* at 53.

■ Section 541 of the Bankruptcy Code vests the estate with the debtor's legal and equitable interests in property as of the commencement of the case. Congress has generally left the determination of property rights in the assets of a bankrupt's estate to state law. *Butner v. United States,* 440 U.S. 48, 54, 99 S.Ct. 914, 917, 59 L.Ed.2d 136 (1979).

■ Although a stipulation is a contract, *Kleinberg v. Ambassador Associates,* 103 A.D.2d 347, 480 N.Y.S.2d 210 (1st Dep't 1984), *aff'd* 64 N.Y.2d 733, 485 N.Y.S.2d 748, 475 N.E.2d 119 (1984) the stipulation here was not sufficient, alone, to embody the full relationship between these parties. A lease is a contract by which the landlord tenant relationship is created. If a contract confers exclusive possession of the premises or a portion thereof as against the whole world for an agreed rental, it is a lease. *Slutzky v. Cuomo,* 114 A.D.2d 116, 498 N.Y.S.2d 550 (3rd Dep't 1986), *appeal dismissed* 68 N.Y.2d 663, 505 N.Y.S.2d 1027, 496 N.E.2d 240 (1986); *Rochester Poster Advertising Co. v. State,* 27 Misc.2d 99, 213 N.Y.S.2d 812, 815 (1961), *aff'd* 15 A.D.2d 632, 222 N.Y.S.2d 688 (4th Dep't 1961), *aff'd* 11 N.Y.2d 1036, 230 N.Y.S.2d 30, 183 N.E.2d 911 (1962). The stipulations have no life separate and apart from the original lease. Indeed, the first stipulation refers to the lease several times and expressly incorporates a number of its provisions. Moreover, section 365(m) of the Bankruptcy Code provides that "[f]or the purposes of this section 365 … leases of real property shall include any rental agreement to use real property." 11 U.S.C. § 365(m). Therefore, the debtor's assertion that the action concerned the assumption of a contract and not a lease is questionable.

■ New York law provides that the issuance of a warrant of eviction annuls the relationship of landlord and tenant. Real Property Actions and Proceedings Law § 749(3); *Iltit Associates v. Sterner,* 63 A.D.2d 600, 405 N.Y.S.2d 68, 69 (1st Dep't 1978). The fact that the debtor filed its petition before the marshall could execute the warrant is therefore irrelevant, since the debtor had been dispossessed of its *legal* interest in the property as of the date the warrant was issued. What then remained was an equitable interest in the property, and the potential to reinstate the landlord-tenant relationship. *Alloy Briquetting Corp. v. Niagara Vest, Inc.,* 756 F.Supp. 713, 720 (W.D.N.Y.1991); *In re GSVC Restaurant Corp.,* 3 B.R. 491

**78**

(Bankr.S.D.N.Y.1980), *aff'd* 10 B.R. 300 (S.D.N.Y.1980). But the mere potentiality of restoration of the landlord tenant relationship through vacatur of the warrant of eviction does not vest the debtor with a sufficient interest in the leased property to allow assumption and assignment of the lease. *In re W.A.S. Food Service Corp.,* 49 B.R. 969, 972 (Bankr.S.D.N.Y.1985) (citations omitted). Although in *W.A.S.* I continued the automatic stay for a reasonable time in order to allow the debtor to pursue a vacatur of the warrant in state court, I declined to do so here because the debtor had already pursued such a remedy without success and the stipulation of October 29, 1991 provided that in the event of default the debtor "shall be prohibited from applying to this court by order to show cause or otherwise for any stay of execution of the warrant." (see aff. Cherkla, exh. c, para. 14.). In other words, not only was the lease terminated, but so, too, was the debtor's equitable interest. As I observed in *W.A.S.*, at some point the estate's rights must expire.

The cases are many which require the bankruptcy judge to give preclusive effect to a state court's judgment terminating a lease prepetition and awarding possession of the premises to the landlord. *See, e.g., In re Neville,* 118 B.R. 14, 17 (Bankr. E.D.N.Y.1990); *In re Lady Liberty Tavern Corp.,* 94 B.R. 812 (Bankr.S.D.N.Y.1988); *Latham Sparrowbush Associates v. Cohoes Industrial Terminal, Inc. (In re Cohoes Industrial Terminal, Inc.),* 70 B.R. 214, 218 (S.D.N.Y.1986). In light of the State court's termination of the lease, its denial of vacatur of the warrant of eviction, and the debtor's breach of its second stipulation with the landlord, this debtor simply retained no right to its premises at the time it filed its chapter 11 petition. Since, under New York law, this debtor had neither legal nor equitable entitlement to the lease, pursuant to § 362(b)(10) of the Bankruptcy Code, the automatic stay did not apply.

 Whereas the debtor's argument in support of its appeal is of dubious validity, the landlord has not opposed the request for a stay. Indisputably, the debtor will suffer irreparable injury if the stay is denied, since if it is evicted it will lose its restaurant. It is also arguable that if paid, as the debtor has represented that it is willing and able to do, the landlord would not be irreparably harmed.[1] Accordingly, the motion for a stay is granted.

At the hearing on this motion I indicated how I would rule and directed the debtor to submit order on notice to the chapter 11 trustee and the landlord.

---

**1.** Prior to my hearing this request for a stay, when I was unavailable the district court granted a limited stay to allow the debtor to seek a further stay from me. That relief was conditioned on the debtor's bringing the postpetition rental arrearages current. The debtor represents, without contradiction, that it has satisfied that condition.