**In re Andrew HOLTMEYER, Debtor.**

**FFG–NJ Vehicle Funding Corporation, f/k/a Tilden Commercial Alliance, Inc., Plaintiff–Respondent,**

v.

**Andrew Holtmeyer, Debtor.**

**No. CV 99–534–ADS.**

United States District Court, E.D. New York.

Feb. 8, 1999.

---

Law Offices of Kenneth B. Schwartz, Garden City, NY, by Stephen Richter, of counsel, for the debtor-defendant-appellant Andrew Holtmeyer.

Helfand & Helfand, New York City, by Neal W. Cohen, of counsel, for the plaintiff-respondent FFG–NJ Vehicle Funding Corp. formerly known as Tilden Commercial Alliance, now known as Sovereign Bank.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

Presently before the Court is the motion of the debtor and defendant-appellant, Andrew Holtmeyer (the "Debtor" or "Holtmeyer" or "Appellant"), for an Order staying enforcement of the Judgment signed by United States Bankruptcy Judge Stan Bernstein, on December 24, 1998 and entered on December 28, 1998, against the Debtor in the sum of $66,166.18 plus statutory interest at the rate of 9%.

## I. BACKGROUND

The following factual allegations are derived from the parties' respective affidavits, and except where indicated otherwise are not in dispute.

### A. The Underlying Dispute Between Holtmeyer and Sovereign

On August 26, 1994, Holtmeyer entered into a written lease for a 1993 Mercedes Benz 300 SE with an unidentified entity which subsequently assigned the lease to the plaintiff-respondent, FFG–NJ Vehicle Funding Corp. f/k/a Tilden Commercial Alliance, now known as Sovereign Bank ("Sovereign"). Under the lease, Holtmeyer was obligated to pay the sum of $42,918.00 in consecutive monthly installments of $933.00 over a period of 48 months. The Lease also contained a $34,150.00 purchase option.

Apparently, Holtmeyer stopped making payments on the car on or about April 24, 1994, after making eight monthly installments of $933.00. Several months later, the car allegedly was involved in an accident which resulted in substantial damage. Based on Holtmeyer's representations, Sovereign

executed an instrument payable to him and to a car repair shop in the amount of $18,-089.06 for purposes of having repairs performed. According to Sovereign, the auto body shop negotiated the instrument "to the order of" Holtmeyer without repairing the car.

## B. The Bankruptcy Petition

On or about June 19, 1997, Holtmeyer filed a voluntary petition under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* Due to the underlying dispute, Sovereign commenced an adversary proceeding against Holtmeyer for the purpose of obtaining a declaration of nondischargeability of the alleged debt pursuant to 11 U.S.C. §§ 523 and 727.

Holtmeyer was discharged on December 30, 1997.

## C. The Stipulation of Settlement

In or about December 1997, the parties agreed to settle the adversary proceeding pursuant to the terms and conditions of a Stipulation of Settlement, which Judge Bernstein "so ordered" on December 29, 1997.

Under the Stipulation, Holtmeyer acknowledged Sovereign's filed proof of claim in the amount of $68,112.74 (Stipulation, ¶ 1). Holtmeyer was to make a series of payments to Sovereign over a five-year period (Stipulation, ¶ 2). The Stipulation also provided:

"In the event the Debtor fails to make any payment after fifteen (15) days written notice of default to the Debtor by regular mail and the Debtor's attorney by overnight mail at the address and numbers set forth below, Sovereign shall have the right to enter a judgment in this Court (1) declaring Sovereign's entire claim to be nondischargeable less any payments made by the Debtor and (2) vacating the automatic stay pursuant to Section 362(d) of the Bankruptcy Code for the purpose of permitting Sovereign to docket its judgment with the clerk of any other court, and to permit Sovereign to take all steps as may

be necessary or appropriate to enforce its rights."

(Stipulation, ¶ 2).

According to Sovereign, Holtmeyer failed to make payment of the installment due for the month of September 1, 1998. Accordingly, on October 28, 1998, Sovereign's counsel served Holtmeyer's counsel and Holtmeyer personally with a notice of default in accordance with the terms of the Stipulation. Neither Holtmeyer nor his attorneys responded to the default notice.

Consequently, on December 22, 1998, Sovereign's counsel filed a proposed judgment with Judge Bernstein and served a copy on Holtmeyer's counsel. The proposed judgment was in the amount of $66,166.18, representing the amount of Sovereign's proof of claim ($68,112.74), less eight payments made in the amount of $243.32, plus interest at the 9% statutory rate. Judge Bernstein "so ordered" the judgment on December 24, 1998, and entered it on December 28, 1998.

## D. Holtmeyer's Effort to Obtain a Stay in Bankruptcy Court

Debtor's counsel states that he attempted to obtain a stay of enforcement from the Bankruptcy Court, as Bankruptcy Rule 8005 requires, and that the Bankruptcy Court declined to consider the motion. Specifically, counsel asserts that Judge Bernstein's law clerk informed counsel via telephone, on or about January 11, 1999, "that the Bankruptcy Court would not entertain an Order to Show Cause because the Court lacked jurisdiction, given the Notice of Appeal to this Court." (Richter Aff. In Further Support, ¶ 3). While the Court doubts that an informal denial by a judge's law clerk over the telephone constitutes sufficient effort to obtain a stay, the Court will assume, without deciding, that appellant has cleared this hurdle.

## E. Holtmeyer's Motion for a Stay Pending Appeal

As noted at the outset, Holtmeyer moves for a stay of the Bankruptcy Court's Order pending appeal to this Court. In this regard, Holtmeyer asserts that he is likely to prevail on appeal because the parties' "Stipulation

582

sets forth at paragraph '2,' that upon a default under the Stipulation, [Sovereign's] sole remedy was a judgment of nondischargeability only, *not* a money judgment." (Richter Aff., ¶ 8) (emphasis supplied in original). Thus, Holtmeyer asserts, the Judgment was "contrary to the Stipulation's literal words" in that it "allows for a money judgment rather than a judgment of nondischargeability." (Richter Aff., ¶ 9).

## II. DISCUSSION

### A. Stay Pending Appeal: The Standard

■ Bankruptcy Rule 7062 provides that Fed.R.Civ.P. 62 applies to all adversary proceedings. Rule 62(d), in turn, provides for an automatic stay upon the posting of a supersedeas bond. In addition, Fed. R.Bankr.P. 8005 provides for the issuance of a stay pending appeal as follows:

> A motion for a stay of the judgment, order, or decree of a bankruptcy judge, ... or for other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance.... A motion for such relief ... may be made to the district court ... [and] the motion shall show why the relief, modification, or termination was not obtained from the bankruptcy judge. The district court ... may condition the relief it grants under this rule on the filing of a bond or other appropriate security with the bankruptcy court.

· ■ When considering a motion for a stay under Rule 8005, courts generally consider the following four factors: (1) the irreparable harm to the movant if the stay is denied; (2) the likelihood that the party seeking the stay will succeed on the merits of the appeal or a serious question going to the merits and a tipping of the equities in favor of the movant; (3) whether there will be substantial harm to other parties if the stay is granted; and (4) the harm to the public interest. *In re Slater,* 200 B.R. 491, 495 (E.D.N.Y.1996) (Spatt, J.) (citing *In re Sphere Holding Corp.,* 162 B.R. 639, 642 [E.D.N.Y.1994]; *In re Issa Corp.,* 142 B.R. 75, 77 [Bankr.S.D.N.Y.1992]; *In re Myerson & Kuhn,* 121 B.R. 145, 153 [Bankr. S.D.N.Y.1990]; *In re Charles & Lillian Brown's Hotel, Inc.,* 93 B.R. 49, 53 [Bankr.

S.D.N.Y.1988]; *In re Cretella,* 47 B.R. 382, 383 [E.D.N.Y.1984] ).

■ "The case law suggests that all four criteria must be satisfied for a stay to be issued." *Id.* at 495 (citing *Issa Corp.,* 142 B.R. at 77; *Charles & Lillian Brown's Hotel,* 93 B.R. at 53–54). The cases also emphasize that the single most important factor is likelihood of success on the merits or a serious question going to the merits and a tipping of the equities in favor of the movant. *See, e.g., In re 1567 Broadway Ownership Associates,* 202 B.R. 549, 552 (S.D.N.Y.1996) ("a strong likelihood of success on the merits of the appeal"); *In re Slater,* 200 B.R. at 495 (E.D.N.Y.1996) ("the likelihood that the party seeking the stay will succeed on the merits of the appeal or a serious question going to the merits and a tipping of the equities in favor of the movant"); *In re Crosswinds Associates,* No. 96 CIV 4572(BSJ), 1996 WL 350695, at *1 (S.D.N.Y. June 25, 1996); *Green Point Bank v. Treston,* 188 B.R. 9, 11 (S.D.N.Y.1995); *Lutin v. Advanced Mining Systems, Inc. (In re Advanced Mining Systems, Inc.),* 173 B.R. 467, 468 (S.D.N.Y.1994).

### B. Likelihood of Success on the Merits

In the Court's view, Holtmeyer's motion for a stay is doomed by his failure to demonstrate a likelihood of success on the merits or even a serious question going to the merits. For this reason, there is no need to address the three remaining issues of irreparable harm to the movant, substantial harm to other parties if the stay is granted, and the harm to the public interest.

The plain, common-sense and only reasonable reading of the Stipulation is that it permitted Sovereign to do precisely what it did here: obtain a money judgment in Bankruptcy Court in the event Holtmeyer defaulted. Sovereign properly obtained such a judgment in Bankruptcy Court, on ample notice to Holtmeyer. This bizarre theory of Holtmeyer's that Sovereign's "sole remedy was a judgment of nondischargeability only, *not* a money judgment" (Richter Aff., ¶ 8) is the result of convoluted conceptual contortions. This lopsided and subjective view of the Stipulation defies the clear terms of the Stipulation. For that matter, it defies reali-

ty. In the Court's view, there is no "serious question going to the merits," much less a "likelihood of success on the merits."

#### C. Irreparable Harm

Even if there were some merit to Holtmeyer's argument, the Court nevertheless would decline to issue a stay because there has been no showing of irreparable harm. The Court observes that the underlying dispute relates to the alleged impropriety of the Bankruptcy Court entering a money judgment in Sovereign's favor. Holtmeyer has failed to demonstrate that his alleged injury, if any, is "not capable of being fully remedied by money damages." *National Association for Advancement of Colored People, Inc. (NAACP) v. Town of East Haven,* 70 F.3d 219, 224 (2d Cir.1995) (citing *Tucker Anthony Realty Corp. v. Schlesinger,* 888 F.2d 969, 975 [2d Cir.1989] ); *cf. Weinberger v. Romero–Barcelo,* 456 U.S. 305, 312, 102 S.Ct. 1798, 72 L.Ed.2d 91 (1982) ("The Court has repeatedly held that the basis for injunctive relief in the federal courts has always been irreparable injury and the inadequacy of legal remedies").

For the foregoing reasons, the appellant's motion for a stay pending appeal is denied.

#### III. CONCLUSION

After reviewing the parties' submissions and hearing oral argument, it is hereby

**ORDERED,** that the Court **DENIES** the motion of the debtor-defendant-appellant, Andrew Holtmeyer, for an Order staying enforcement of the Judgment signed by United States Magistrate Judge Stan Bernstein, on December 24, 1998 and entered on December 28, 1998.

**SO ORDERED.**