| |
|---|
| **Reichel v Revel Transit Inc.** |
| 2024 NY Slip Op 32036(U) |
| June 18, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 150046/2021 |
| Judge: III, W. Franc Perry |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. W. FRANC PERRY**                        PART

*Justice*

--------------------------------------------------------------------------------X

JOSEPH REICHEL

Plaintiff,

- v -

REVEL TRANSIT INCORPORATED,

Defendant.

--------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 150046/2021 |
| MOTION DATE | 11/01/2023 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67

were read on this motion to/for                    JUDGMENT - MONEY                    .

On November 11, 2023, the plaintiff moved to enforce a settlement pursuant to CPLR § 2104. The defendant filed a motion opposing such and instead seeking enforcement of the August 24, 2023 arbitration award in this matter.

The plaintiff filed the complaint in this matter on January 1, 2021, alleging that he was injured while operating one of the defendant's mopeds.  On February 17, 2021, the defendant filed a demand for arbitration pursuant to CPLR § 7503(c) based upon the underlying moped rental agreement entered into between the parties. This Court granted the defendant's motion to compel arbitration on November 10, 2021.

The arbitration between the parties began on January 5, 2023. The deadline to withdrawal from arbitration without the parties incurring cancellation costs and fees was July 10, 2023. (See NYSCEF Doc. No. 59) On July 3, 2023, counsel for the defendant emailed a settlement offer to plaintiff's counsel. (*See* NYSCEF Doc. No. 57) Plaintiff's counsel replied with a counteroffer on that same day. (*See* NYSCEF Doc. No. 58)

**150046/2021   REICHEL, JOSEPH vs. REVEL TRANSIT INCORPORATED**
**Motion No.  002**

**Page 1 of 4**

[* 1]

On July 10, 2023, the arbitrator reached out to the parties notifying them that it was the last day to cancel or adjourn the arbitration without incurring a penalty. (*See* NYSCEF Doc. No. 59) Both parties replied to the arbitrator that they had not agreed on a settlement amount and that the matter was therefore proceeding to arbitration. In fact, the plaintiff's counsel wrote that she hadn't heard back from the defendant's counsel after the defendant's initial offer of $25,000 and her counter demand of $75,000 and indicating that she "guess[ed] that means you would like to proceed with the [arbitration] on August 8th." *See Id.* Defendant's counsel replied to the plaintiff's counsel confirming that the defendant would not go higher than $25,000 and that the parties were in fact headed to arbitration. *See Id.*

On July 14, 2023, plaintiff's counsel extended a new offer of settlement to the defendant's counsel in the amount of $30,000.00. (*See* NYSCEF Doc. No. 60) Later that same day, plaintiff's counsel attempted to accept the defendant's original offer from July 3, 2023. Defendant's counsel responded that the initial offer had been withdrawn. Thereafter, plaintiff's counsel sent a letter directly to Revel's insurance carrier, but not defendant's counsel, indicating that a $25,000 settlement had been reached between the parties. After the insurance carrier shared the letter with defendant's counsel, counsel confirmed receipt of the release but again reminded plaintiff's counsel that the matter had not been settled. (*See* NYSCEF No. 65) The parties having not been able to settle the matter proceeded with arbitration. On August 24, 2023, the arbitrator issued an order dismissing the plaintiff's claims and awarding the defendant the costs of arbitration.

For there to be an enforceable agreement between the parties, there must be "an offer, acceptance of the offer, consideration, mutual assent, and an intent to be bound." *See Kasowitz, Benson, Torres & Friedman, LLP. v. Duane Reade*, 98 A.D.3d 403, 404 (1st Dept. 2012). "If

**150046/2021   REICHEL, JOSEPH vs. REVEL TRANSIT INCORPORATED**
**Motion No.  002**

**Page 2 of 4**

2 of 4

instead the offeree responds by conditioning acceptance on new or modified terms, that response constitutes both a rejection and a counteroffer which extinguishes the initial offer. The counteroffer extinguishes the original offer, and thereafter the offeree cannot…unilaterally revive the offer by accepting it." *See Thor Props., LLC v. Willspring Holdings LLC*, 118 A.D.3d 505, 508 (1st Dept. 2014). "It is a fundamental tenet of contract law that a counteroffer constitutes a rejection of an offer as a matter of law". *See Jericho Group, Ltd. v. Midtown Dev., L.P.*, 32 A.D.3d 294, 299 (1st Dept. 2006). "Acceptance [of an offer] must be of the terms stated in the offer, and if the offeree responds by adding provisions or making a counterproposal, the offer is deemed rejected [internal quotations omitted] rendering subsequent acceptance impossible." *See Kleinger v. Ambassador Associates*, 103 A.D.2d 347, 348 (1st Dept. 1984).

The plaintiff alleges that the parties reached a settlement in this matter and is seeking enforcement of such. The Court finds that there is absolutely no evidence that the parties entered into an enforceable settlement. In fact, the record is clear that the defendant's initial settlement offer was repeatedly and explicitly rejected by the plaintiff. The plaintiff rejected the initial offer both through her counteroffers and by stating explicitly that her client would accept nothing below $75,000. (*See* NYSCEF Doc. No. 58) Plaintiff's counsel then confirmed with the arbitrator that the parties had not been able to settle the matter and that they would be proceeding with arbitration. (*See* NYSCEF Doc. No. 59)

The Court having found no evidence that the parties settled this matter denies the plaintiff's CPLR § 2104 motion to enforce an alleged settlement and grants the defendant's cross motion to enforce the August 24, 2023 arbitration award.

**150046/2021   REICHEL, JOSEPH vs. REVEL TRANSIT INCORPORATED**
**Motion No.  002**

**Page 3 of 4**

3 of 4

This constitutes the decision and order of the Court.

| **06/18/2024** | | | |
|---|---|---|---|
| **DATE** | | **W. FRANC PERRY, J.S.C.** | |

**CHECK ONE:**     ☐ CASE DISPOSED     ☐ NON-FINAL DISPOSITION

          ☒ GRANTED     ☐ DENIED     ☐ GRANTED IN PART     ☐ OTHER

**APPLICATION:**     ☐ SETTLE ORDER     ☐ SUBMIT ORDER

**CHECK IF APPROPRIATE:**     ☐ INCLUDES TRANSFER/REASSIGN     ☐ FIDUCIARY APPOINTMENT     ☐ REFERENCE

**150046/2021   REICHEL, JOSEPH vs. REVEL TRANSIT INCORPORATED**     **Page 4 of 4**
**Motion No. 002**

[* 4]

4 of 4